671 So.2d 253 (1996)
WOODLAKE REDEVELOPMENT CORPORATION, Appellant,
v.
WOODLAKE CONDOMINIUM ASSOCIATION OF MARCO SHORES, INC., Charles S. Alves, Alfonso Bottino, Robert W. Dickey, Edward A. Andelman, Kenneth R. Hunt, William R. Rhode, Carol L. Frank, and William Griffin, Appellees.
No. 95-03178.
District Court of Appeal of Florida, Second District.
April 10, 1996.
*254 Philip D. Storey and D. Paul Dietrich, II, of Frith, Stump, Storey & Callahan, Orlando, for Appellant.
William D. Kramer, Marco Island, for Appellees.
DANAHY, Judge.
The appellant, an organization of condominium unit owners, brought this action against the appellees, the condominium association and its individual directors. The appellant's complaint contained five counts. On motion of the appellees, the trial court dismissed the complaint, finding that all counts must first be submitted to nonbinding arbitration pursuant to section 718.1255, Florida Statutes (1995). The appellant argues that the trial court's action was erroneous. We agree and reverse.
Section 718.1255 contains a definition of the word "dispute" as used in that section. The appellant argues that the plain meaning of the definition shows that section 718.1255 does not apply to disagreements over common element maintenance and such disagreements are the essence of its complaint. We agree that the resolution of the issue here does not require any fact determination and reject the argument of the appellees that they should prevail because the appellant has failed to provide this court with a transcript of the hearing "from which the order on appeal was rendered."
The complaint filed by the appellant, however, contains two counts which we believe fall within the definition of "dispute" as set forth in section 718.1255. These are Count IV for breach of fiduciary duty as against the directors and Count V for an accounting against the condominium association for misappropriation of funds. So there are three counts not subject to arbitration and two which are.
Section 718.1255 provides that arbitration is to be conducted by the Division of Florida Land Sales, Condominiums, and Mobile Homes of the Department of Business & Professional Regulation and further provides that the Department shall promulgate rules of procedure to govern such arbitration hearings. The rules issued by the Department apply to the conduct of arbitration matters. They do not purport to solve the problem we have here, where only two counts of a five-count complaint are subject to nonbinding arbitration before the Department.
For a resolution of this matter, we turn to the Florida Arbitration Code. Section 682.03(3), Florida Statutes (1995), provides as follows:
(3) Any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be made with respect thereto only. When the application is made in such action or proceeding, the *255 order for arbitration shall include such stay.
Although the arbitration involved here is not specifically subject to the Code, we believe the above provision states the rule which should be applied in this case.
Accordingly, we reverse the order of the trial court dismissing the appellant's complaint and remand with directions that the court order arbitration only with respect to Counts IV and V and that the order direct that proceedings with respect to these claims be stayed pending arbitration. The order should provide that the remaining counts of the complaint may go forward.
Reversed and remanded with directions.
RYDER, A.C.J., and PATTERSON, J., concur.