677 So.2d 105 (1996)
EMSA LIMITED PARTNERSHIP, Appellant,
v.
Richard MASON, Appellee.
No. 95-4240.
District Court of Appeal of Florida, Fourth District.
July 31, 1996.
*106 Helena Tetzeli of Kurzban, Kurzban, Weinger & Tetzeli, P.A., Miami, for appellant.
Jesse H. Diner and Kimberly Hall Doyle of Atkinson, Diner, Stone & Mankuta, P.A., Hollywood, for appellee.
SHAHOOD, Judge.
Appellant seeks review of the trial court's denial of its motion to dismiss appellee's amended counterclaim for failure to arbitrate. We have jurisdiction pursuant to rule 9.130(a)(3)(C)(v), Florida Rules of Appellate Procedure (1996).
This is a dispute between the appellant, EMSA Limited Partnership (EMSA), a national healthcare provider which staffs hospitals and other healthcare facilities, and appellee, Richard Mason (Mason), a physician. EMSA and Mason entered into an employment agreement which contained, inter alia, a covenant not to compete and an agreement that "any and all other disputes arising out of, under, or in connection with or relating to this agreement shall be settled by arbitration in Broward County, Florida, in accordance with the Florida Arbitration Code."
Section 682.02, Florida Statutes (1989), provides:
Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy; provided that this act shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration award thereunder.
Following execution of the employment agreement by both parties, Mason went to work for an EMSA competitor. EMSA sued Mason seeking injunctive relief to enforce the covenant not to compete.[1] Mason filed an answer and counterclaim against EMSA seeking damages for breach of the employment agreement, and later amended his counterclaim to add a second count for declaratory relief. EMSA then moved the court to compel arbitration and to stay the counterclaim. The trial court denied the motion; that order was not appealed. EMSA then filed a voluntary dismissal of its complaint, leaving pending only Mason's counterclaim. Mason amended his answer and counterclaim, and EMSA reasserted its demand for arbitration and filed a motion to dismiss the amended counterclaim. The matter was considered at a case management conference and denied by order dated November 20, 1995, prompting the instant appeal.
EMSA's motion to dismiss Mason's amended counterclaim expressly and clearly stated:
Mason is obligated to bring the claims forming the basis of his counterclaim ... before an arbitrator. The November 11, 1991 EMSA/Mason contract forming the *107 basis for Mason's amended counterclaim expressly provides that, with the exception of claims for injunctive relief and other equitable remedies, any and all disputes arising out of the contract shall be settled by arbitration pursuant to the Florida Arbitration Code.
As we stated in Ronbeck Construction Co., v. Savanna Club Corp., 592 So.2d 344, 346 (Fla. 4th DCA 1992),
Our supreme court pointed out in Roe v. Amica Mutual Insurance Co., 533 So.2d 279 (Fla.1988), that "arbitration is a favored means of dispute resolution and courts indulge every reasonable presumption to uphold proceedings resulting in an award." 533 So.2d at 281. See also Intracoastal Ventures Corp. v. Safeco Ins. Co. of America, 540 So.2d 162 (Fla. 4th DCA 1989).
As the federal courts do with comparable provisions under the United States Arbitration Act, 9 U.S.C. sections 1-14 (1982), we too should resolve all doubts about the scope of an arbitration agreement as well as any questions about waivers thereof in favor of arbitration, rather than against it. See Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
Turning now to the issue of a dismissal versus a stay, we initially note that section 682.03(3), Florida Statutes (1995), provides as follows:
Any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.
There is authority holding that a motion to dismiss is an appropriate vehicle for obtaining enforcement of an arbitration clause. Florida Keys Elec. Coop. Ass'n. v. A & G Blaton of Fla., Inc., 574 So.2d 1225 (Fla. 3d DCA 1991). We think, however, the better view is to treat the motion as a motion to stay and grant it pursuant to sections 682.02 and 682.03.
We accordingly reverse and remand.
KLEIN and GROSS, JJ., concur.
NOTES
[1] As an exception to the arbitration provision, paragraph 16 of the employment agreement provided that EMSA could seek equitable relief to enforce the covenant not to compete.