684 So.2d 826 (1996)
Arlene J. BLUM, Appellant,
v.
TAMARAC FAIRWAYS ASSOCIATION, INC., a Florida not-for-profit corporation, Appellee.
Nos. 96-1033, 96-1285.
District Court of Appeal of Florida, Fourth District.
September 25, 1996.
Rehearing Denied January 9, 1997.[*]
*827 Arlene J. Blum, Tamarac, pro se.
Kenneth E. Zeilberger of Law Offices of Kaye & Roger, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from a non-final order which denied a motion to dismiss for lack of jurisdiction. We reverse and remand with direction to stay this proceeding pending arbitration. See EMSA Limited Partnership v. Mason, 677 So.2d 105 (Fla. 4th DCA 1996).
Appellee, Tamarac Fairways Association, Inc. (Tamarac), sought injunctive relief against appellant, Gabriel Glantz (Glantz), alleging that Glantz had violated a provision of the Declaration and Rules for the condominium by leasing his condominium unit without prior approval of the association, appellee Tamarac. Tamarac disapproved the lease.
Appellant's motion to dismiss alleged that the action involved a dispute required to be arbitrated first pursuant to section 718.1255, Florida Statutes (1995). The trial court concluded that the statute's definition of "dispute" did not include the dispute over a unit owner's right to lease his unit.
Section 718.1255(4)(a), Florida Statutes (1995), provides for mandatory nonbinding arbitration of "disputes" between condominium unit owners and associations prior to the institution of court litigation. What constitutes a "dispute" is the subject of section (1), which provides that:
"[D]ispute" means any disagreement between two or more parties that involves:
(a) The authority of the board of directors, under this chapter or association document to:
1. Require any owner to take any action, or not to take any action, involving that owner's unit or the appurtenances thereto.
....
"Dispute" does not include any disagreement that primarily involves title to any unit or common element; the interpretation or enforcement of any warranty; or the levy of a fee or assessment, or the collection of an assessment levied against a party.
We conclude that the right of appellant to lease his unit to a third party, and the association's apparent disapproval of that lease and the circumstances by which it was *828 procured, qualifies as a disagreement involving the owner's unit, which involves the association's right to require the owner to take or not take an action (leasing) involving his unit. The dispute does not fall within the express exemption for disputes involving title. Lease is not the same as title. A lease is the right to use and enjoyment of the unit. It does not convey title. The complaint did not allege anything unique to the lease in this case which would suggest that it was a lease-option, or otherwise involved title. Accordingly, the above statute requires arbitration in this case.
The plain meaning of a statute will not be disturbed in the absence of ambiguity or conflict. See generally White v. Florida Birth Related Neurological, 655 So.2d 1292 (Fla. 5th DCA 1995). When the language of a statute is clear and unambiguous and conveys clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation and construction beyond the plain meaning rule. That rule provides that the statute itself must be given its plain and obvious meaning. See WFTV, Inc. v. Wilken, 675 So.2d 674 (Fla. 4th DCA 1996).
The plain meaning interpretation of section 718.1255 and its definition of "disputes" subject to non-binding arbitration is consistent with the legislative findings set forth in section 718.1255(3), Florida Statutes (1995), showing that the statute is intended to help unit owners avoid the high cost and significant delay of circuit court litigation with condominium associations or related entities.
GLICKSTEIN, DELL and STONE, JJ., concur.
NOTES
[*] Editor's Note: On appeal, Arlene J. Blum was substituted as survivor of Gabriel Glantz.