690 So.2d 703 (1997)
The STERLING CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Eden HERRERA, Appellee.
No. 96-3115.
District Court of Appeal of Florida, Third District.
April 2, 1997.
Phillips, Eisinger & Koss, Jeremy A. Koss, Hollywood, and Jorge L. Piedra, Miami, for appellant.
Michael A. Vandetty, North Miami Beach, for appellee.
Before GODERICH and SHEVIN, JJ., and BARKDULL, Senior Judge.
*704 GODERICH, Judge.
The plaintiff, The Sterling Condominium Association [Sterling], appeals from a non-final order granting the defendant's amended motion for rehearing, vacating final summary judgment, ordering the parties to arbitrate, and staying the circuit court proceedings. We reverse.
In 1992, Eden Herrera, a condominium unit owner, made substantial structural changes to her condominium unit and altered the exterior appearance of the unit. In April 1994, Sterling filed suit against Herrera alleging that the changes had been made in violation of the condominium documents and without the consent of the association's board of directors. Sterling sought an injunction requiring Herrera to return her unit to its original condition. In May 1994, Herrera filed a motion to dismiss the complaint, an amended answer and affirmative defenses, and a counterclaim.
In August 1995, Sterling filed an amended motion for summary judgment, and in October 1995, Herrera filed a cross-motion for summary judgment. Subsequently, the trial court granted Sterling's motion, denied Herrera's, and entered final summary judgment in favor of Sterling.
In May 1996, when the case was already set for trial on Herrera's counterclaim, Herrera filed an Amended Motion for Rehearing, to Dismiss, and to Vacate Final Summary Judgment arguing that the trial court lacked subject matter jurisdiction because Sterling had failed to comply with the mandatory non-binding arbitration provisions of section 718.1255, Florida Statutes (1993). Herrera voluntarily dismissed her counterclaim, and the trial court entered an order granting her amended motion for rehearing, vacating final summary judgment, ordering the parties to comply with section 718.1255, and staying any further proceedings pending the completion of arbitration. Sterling's appeal follows.
Section 718.1255(4)(a) requires that "[p]rior to the institution of court litigation, the [condominium association and the unit owner] shall petition the division for nonbinding arbitration." Herrera argues that, based on this requirement for mandatory nonbinding arbitration of disputes, the circuit court lacked subject matter jurisdiction. We disagree for several reasons.
First, section 718.1255(3), recites the following "Legislative Findings:"
(a) ... that unit owners are frequently at a disadvantage when litigating against an association. Specifically, a condominium association, with its statutory assessment authority, is often more able to bear the costs and expenses of litigation than the unit owner who must rely on his own financial resources to satisfy the costs of litigation against the association.
(b) ... that the courts are becoming overcrowded with condominium and other disputes, and ... that alternative dispute resolution has been making progress in reducing court dockets and trials and in offering a more efficient, cost-effective option to court litigation....
(c) [that] [t]here exists a need to develop a means of alternative dispute resolution.
(d) [that] [t]he high cost and significant delay of circuit court litigation faced by unit owners in the state can be alleviated by requiring nonbinding arbitration, thereby reducing delay and attorney's fees while preserving the right of either party to have its case heard by a jury, if applicable, in a court of law.
As this section indicates, the intent of the statute is to increase judicial economy and to reduce the cost of litigation for the parties, especially the unit owner, without eliminating either party's right to a trial by jury. Blum v. Tamarac Fairways Assoc., Inc., 684 So.2d 826, 828 (Fla. 4th DCA 1996). In the instant case, where the parties have litigated in circuit court for over two years, the intent of the statute would not be furthered by compelling arbitration and would, in fact, be contrary to the statute's stated intent.
Secondly, because the arbitration is "nonbinding" and because the statute explains that "nothing in this provision shall be construed to foreclose parties from proceeding in a trial de novo," § 718.1255(4), Florida Statutes, we find that the statute is not jurisdictional and that, therefore, the circuit court *705 did not lack subject matter jurisdiction to hear this dispute.
Lastly, we agree with Sterling's contention that Herrera waived her right to compel arbitration by filing an answer, affirmative defenses, and a counterclaim, and by actively participating in the litigation in circuit court for over two years before raising the issue of arbitration. See generally, Hardin Int'l, Inc. v. Firepak, Inc., 567 So.2d 1019 (Fla. 3d DCA 1990)("Both parties waived their contractual right to arbitrate when they chose to resolve the disputes at the outset through litigation and then waited three years from the date the foreclosure action and the counterclaim were filed to even raise the issue of arbitration.")
Accordingly, we find that the trial court abused its discretion by entering an order granting Herrera's amended motion for rehearing, vacating final summary judgment, ordering the parties to arbitrate, and staying the circuit court proceedings.
Reversed and remanded for further proceedings consistent with this opinion.