695 So.2d 408 (1997)
CARLANDIA CORPORATION, a Delaware Corporation, individually and for the use and benefit of all members of The Two North Breakers Row Condominium Association, Appellant,
v.
Marne OBERNAUER, Myrna Daniels, John Therouex, Mary Gouiarte, Julian Cohen, Audrey Larman, Lewis Schott, Nathan Monus, Richard Fennel, Robert Higginson, Chris Marden and Paul Milstein, directors, past and present, of the Two North Breakers Row Condominium Association, and The Two North Breakers Row Condominium Association, Inc., Appellees.
No. 96-0132.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
Rehearing, Rehearing, and Certification Denied June 23, 1997.
*409 J. Kory Parkhurst of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for Appellant.
G. Bart Billbrough and Geoffrey B. Marks of Walton Lantaff Schroeder & Carson, Miami, for Appellees.
Rehearing, Rehearing En Banc, and Certification Denied June 23, 1997.
GROSS, Judge.
The question posed in this case is whether section 718.1255, Florida Statutes (Supp. 1992), requires nonbinding arbitration before suit can be filed for the causes of action here at issue. We hold that arbitration is not mandatory under the facts of this case and reverse the trial court's order of dismissal.
Appellant Carlandia Corporation is a unit owner at The Two North Breakers Row Condominium. In May, 1992, Carlandia filed suit against the condominium association and various members of its board of directors. The complaint alleged the existence of construction defects in common elements and common areas which were subject to redress under "the warranty provisions of the Condominium Act[1] as well as under other legal theories." The dominant legal theories of the complaint were that the directors and the association breached statutory and fiduciary duties by failing to properly investigate and pursue legal actions against the developer and general contractor for construction defects. In addition to damages, the complaint also sought credit against past and future assessments attributable to the defects.
The trial court granted the defendants' motion to dismiss the complaint for failure to conduct nonbinding arbitration prior to filing suit pursuant to section 718.1255(4)(a). Carlandia, the unit owner, appeals. This court has jurisdiction. Fla. R.App. P. 9.130(a)(3)(C)(v).
We reverse the dismissal[2] because the disagreement framed by the complaint did not constitute a "dispute" within the meaning of section 718.1255, Florida Statutes (Supp.1992).
Section 718.1255(4)(a) mandates that the parties to a "dispute" submit to nonbinding arbitration prior to the institution of court litigation. Blum v. Tamarac Fairways Ass'n, Inc., 684 So.2d 826, 827 (Fla. 4th DCA 1996). Section 718.1255(1) defines a "dispute" as
any disagreement between two or more parties that involves:
(a) The authority of the board of directors, under any law or association document to:
1. Require any owner to take any action, or not to take any action, involving that owner's unit.
2. Alter or add to a common area or element.
(b) The failure of a governing body, when required by law or an association document, to:
1. Properly conduct elections.
2. Give adequate notice of meetings or other actions.
3. Properly conduct meetings.
4. Allow inspection of books and records.
"Dispute" does not include any disagreement that primarily involves title to any unit or common element; the interpretation or enforcement of any warranty; or the levy of a fee or assessment, or the collection of an assessment levied against a party.
The statute excludes from the definition of "dispute" any disagreement that "primarily involves ... the interpretation or enforcement of any warranty." A "warranty" *410 under section 718.1255(1) includes those enumerated in section 718.203. By its use of the word "interpretation," the statute expands the exclusion beyond warranty causes of action to include those legal theories where the application of a warranty is a critical element. Because the determination of defendants' statutory or fiduciary liability first requires a finding that there were actionable warranty violations in the common elements and common areas, this case falls within this statutory exclusion. As the causes of action are framed by the complaint, if there were no warranty violations, then the defendants breached no legal duty by failing to sue the developer or general contractor. The most significant and difficult portion of the breach of fiduciary duty action as pled is the existence of any warranty violations.
This application of the exclusion is consistent with the legislative findings set forth in section 718.1255(3). The statute is designed to protect unit owners from the high cost and significant delay of circuit court litigation with their condominium association. Blum, 684 So.2d at 828. The legislature did not require arbitration in all types of condominium disputes; section 718.1255(1) limits the statute's application to specific types of disagreements and excludes other categories of claims from arbitration. The nonbinding arbitration required by section 718.1255(4) is well suited to deal with everyday condominium disputes such as keys, pets, proxies, renters, election violations and offensive exterior decoration or maintenance of a unit. These types of cases are factually simple. They can be presented to an arbitrator without extensive discovery, expert testimony or sophisticated legal assistance.
Construction defect cases sounding in warranty are an altogether different beast. Because of their factual and legal complexity, they are less amenable to the type of nonbinding arbitration contemplated by the statute than other types of unit owner/association disputes. A bevy of construction defect cases might overwhelm the administrative mechanism, and perhaps the funding for it, described in section 718.1255(4).
The case cited by appellees, Woodlake Redevelopment Corp. v. Woodlake Condominium Association of Marco Shores, Inc., 671 So.2d 253 (Fla. 2d DCA 1996), does not compel a different result. In that case, the second district held that a unit owner's count for breach of fiduciary duty against a condominium association and its directors was a "dispute" under section 718.1255 that was subject to arbitration. The nature of the fiduciary duty involved is not mentioned in the opinion. The case appears to involve common element maintenance and the fiduciary duty there at issue could well have been a failure to maintain resulting in waste to common areas, a dispute arguably falling under section 718.1255(1)(a)(2). There is no indication that Woodlake entailed any type of warranty claim.
REVERSED AND REMANDED.
STEVENSON, J., concurs.
SHAHOOD, J., concurs in part and dissents in part with opinion.
SHAHOOD, Judge, concurring in part, dissenting in part.
I concur in the reversal of the trial court's order of dismissal, but would remand with directions to the court to enter a stay pending arbitration. See Blum v. Tamarac Fairways Ass'n Inc., 684 So.2d 826 (Fla. 4th DCA 1996).
Contrary to the majority, I interpret Section 718.1255(4)(a), Florida Statutes, to require arbitration in this case. The allegations of the complaint indicate that this litigation involves the board of director's failure to take action against the developer or general contractor in an attempt to repair or remedy construction defects in the common elements and common areas and improvements of the condominium. Therefore, the gravamen of this lawsuit involves the authority of the board of directors to "alter a common area or element", as well as the board's inherent duty to act on that authority. In my opinion, the primary issue is not the enforcement of a warranty, which is excluded from the statute.
NOTES
[1] See § 718.203, Fla. Stat. (1995).
[2] Were arbitration required under section 718.1255, the proper remedy would not be dismissal, but a stay of the case pending arbitration. See Blum v. Tamarac Fairways Ass'n, Inc., 684 So.2d 826 (Fla. 4th DCA 1996).