707 So.2d 416 (1998)
SUMMIT TOWERS CONDOMINIUM ASSOCIATION, INC., Leon Singer, Harvey Dubrofsky, Mike Arcidiacomo, Nathan Konigsberg, R.B. Axelrod, and Harold Lotto, Appellants,
v.
Harry COREN, Appellee.
No. 96-2419.
District Court of Appeal of Florida, Fourth District.
March 25, 1998.
Geoffrey B. Marks of Cole White & Billbrough, P.A., Miami, for Appellant Summit Towers Condominium Association, Inc.
Richard J. Burton of Richard J. Burton & Associates, P.A., North Miami Beach, for Appellee.
PER CURIAM.
Appellant, a condominium association, seeks relief from a trial court's order denying its motion to dismiss the action in favor of resolving the dispute by arbitration. We agree with Appellant and remand for entry *417 of a stay pending arbitration under section 718.1255(4)(a), Fla. Stat. (1995). Carlandia Corp. v. Obernauer, 695 So.2d 408, 409 n. 2 (Fla. 4th DCA 1997); Blum v. Tamarac Fairways Ass'n, 684 So.2d 826 (Fla. 4th DCA 1996).
This is an action by a unit owner against the condominium association, its officers and directors. The case involves a dispute over the board's assignment of parking spaces. While the complaint is based on multiple theories in several counts, Appellee essentially claims that the individual defendants, preferentially assigned themselves additional parking space unavailable to other owners.
Appellee seeks injunctive and declaratory relief as well as damages. The issues presented are appropriate for arbitration.
The condominium documents reflect that the spaces are limited common elements of which the association allows exclusive use. The spaces in question are not appurtenant to particular units but were initially available for sale by the developer and were transferred to the association in resolving previous litigation.
We have considered and reject Appellee's argument that the issue involves one of title not subject to the arbitration provisions of the statute.[1] Rather, we conclude that the issue is one of Appellants' authority to act. See § 718.1255(1)(a), Fla. Stat. (1995). Accordingly, we reverse and remand for entry of a stay pending arbitration.
STONE, C.J., and GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] We note that effective October 1, 1997, the definition of the term "dispute" for purposes of chapter 718 was amended. See § 718.1255(1), Fla. Stat. (1997). The parties do not address the amended definition nor do we deem such discussion necessary as this case was filed before the amendment.