718 So.2d 390 (1998)
Gary NEATE, Appellant,
v.
CYPRESS CLUB CONDOMINIUM, INC., a Florida corporation, Appellee.
No. 97-4319.
District Court of Appeal of Florida, Fourth District.
October 14, 1998.
Frank A. Luceri of Fried & Luceri, P.A., Fort Lauderdale, for appellant.
Peter S. Sachs, Spencer M. Sax and Anthony K. Goodman of Sachs, Sax & Klein, P.A., Boca Raton, for appellee.

EN BANC
FARMER, Judge.
In 1991 the legislature found that condominium unit owners were at a disadvantage when litigating against their association and *391 that the courts were becoming overcrowded with condominium and other disputes. It thus concluded that the high cost of litigation could be alleviated by requiring nonbinding arbitration as a precondition to suit in some condominium disputes. Accordingly it rewrote section 718.1255.[1]See Ch. 91-103, § 10, at 739, Laws of Fla.
The rewritten statute newly required that disputes between a unit owner and condominium association involving the authority of the board to require or forbid unit owners to take action must first be submitted to nonbinding arbitration before a lawsuit may be filed. Section 718.1255(4)(a) states in part that: "[p]rior to the institution of court litigation, a party to a dispute shall [e.s.] petition the division for nonbinding arbitration."[2] Equally important, it provides that the decision of the arbitrators is final unless a party to the dispute files a complaint for a trial de novo within 30 days after the arbitration decision has been presented in writing.[3]
In Blum v. Tamarac Fairways Ass'n, 684 So.2d 826 (Fla. 4th DCA 1996), we reviewed a nonfinal order denying a motion to dismiss for lack of jurisdiction. A condominium association had sued to enjoin a unit owner from violating a provision of the declaration of condominium. The unit owner sought to have the action dismissed because it was filed without prior arbitration, contrary to section 718.1255(4)(a). The owner argued that without a prior arbitration the circuit court lacks jurisdiction of the suit. We disagreed with the contention that the provision affected the jurisdiction of the circuit court, and observed that section 718.1255 "provides for mandatory nonbinding arbitration of `disputes' between condominium unit owners and associations prior to the institution of court litigation." 684 So.2d at 827.
In reversing the denial of the motion to dismiss in Blum, rather than requiring a dismissal of the unauthorized action without prior arbitration, we remanded with instructions that the action be stayed pending the arbitration. We did not explain why a stay as opposed to a dismissalwas the proper remedy under section 718.1255 for filing suit without prior arbitration. Instead we simply cited EMSA Limited Partnership v. Mason, 677 So.2d 105 (Fla. 4th DCA 1996), without comment as the authority for a stay. EMSA involved a dispute between contracting parties, employer and employee, over a covenant not to compete. Their agreement also included a provision that "any and all disputes" would be submitted to arbitration. Without resorting to arbitration, the employer filed suit to enjoin a breach of the covenant not to compete, and the employee responded with a claim for damages. After the employer dropped its injunction claim, it moved to dismiss the damages action on the grounds that the exclusive remedy was through arbitration. The trial court denied the motion.
On appeal, we agreed that the dispute was covered by the arbitration agreement. We then explained:
"There is authority holding that a motion to dismiss is an appropriate vehicle for obtaining enforcement of an arbitration clause. Florida Keys Elec. Coop. Ass'n. v. A & G Blaton of Fla., Inc., 574 So.2d 1225 (Fla. 3d DCA 1991). We think, however, the better view is to treat the motion as a motion to stay and grant it pursuant to sections 682.02 and 682.03."
677 So.2d at 107. Section 682.03(3) is part of the Florida Arbitration Code and provides that:
"Any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay." *392 § 682.03(3), Fla. Stat. (1997). Because the agreement between the parties contained an express agreement to arbitrate all disputes, we therefore concluded that the Florida Arbitration Code itself required that the action be stayed rather than dismissed.
There is no similar provision in section 718.1255 providing for such stays. In a statement of legislative intent within the statute itself, subsection (3)(d) states that the "high cost and significant delay of circuit court litigation ... can be alleviated by requiring [e.s.] nonbinding arbitration and mediation in appropriate cases." Subsection (4) of the statute is entitled: "Mandatory [e.s.] nonbinding arbitration and mediation of disputes." Subsection (4)(a) states "[p]rior to the institution of court litigation, a party to a dispute shall [e.s.] petition ... for nonbinding arbitration." Our opinion in Blum did not explain why, in light of these provisions in section 718.1255 and the absence of a stay provision comparable to section 682.03, an unauthorized filing in court without prior arbitration should not be dismissed. In later cases, we have simply cited Blum without comment. See Summit Towers Condo. Ass'n, Inc. v. Coren, 707 So.2d 416 (Fla. 4th DCA 1998); Carlandia Corp. v. Obernauer, 695 So.2d 408 (Fla. 4th DCA 1997).
We read these provisions in section 718.1255 to create a condition precedent to filing an action in court, and conclude that this condition precedent operates similarly to comparable provisions in other statutes. For example in section 766.106 the legislature has required that an action for medical malpractice may not be filed without giving prior notice to the health care provider. In Williams v. Campagnulo, 588 So.2d 982 (Fla. 1991), and Hospital Corp. of America v. Lindberg, 571 So.2d 446 (Fla.1990), the court held that the failure of the complaint in a medical malpractice action to allege compliance with the statute providing for mandatory notice before filing suit required a dismissal.[4] The court likened the statute to the sovereign immunity statute requiring prior notice as a condition precedent to filing the action. In Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), and Levine v. Dade County School Board, 442 So.2d 210 (Fla.1983), the court had similarly held that dismissal was required where a claimant fails to allege compliance with the sovereign immunity condition precedent to suit.
Although section 718.1255 deals with arbitration rather than notice, we conclude that both are properly conceived of as conditions precedent to filing an action in court. The violation of a condition precedent to filing an action in court should properly be a dismissal, not a stay. We therefore recede from Blum v. Tamarac Fairways Ass'n, 684 So.2d 826 (Fla. 4th DCA 1996); Summit Towers Condo. Ass'n v. Coren, 707 So.2d 416 (Fla. 4th DCA 1998); and Carlandia Corp. v. Obernauer, 695 So.2d 408 (Fla. 4th DCA 1997), to the extent they are inconsistent with today's decision. Henceforth, actions covered by section 718.1255 and filed without prior arbitration will be subject to dismissal and will not be merely stayed pending statutory compliance.
As we have said, in today's case the litigant filed an action without a prior resort to arbitration, and the action was stayed while arbitration was had. The unit owner thereafter failed to file a complaint for a trial de novo within 30 days after the written arbitration decision was presented.[5] The trial judge dismissed the action for failing to make the timely filing.
The unit owner argues that the pendency of the stayed action demonstrates that he wanted a trial de novo. He contends that he *393 should not be punished [sic] for complying with the stay. Arguing that the requirement for prior arbitration does not affect the subject matter jurisdiction of the court, he points out that there is a general policy favoring trials on the merits over procedural dispositions of claims. He also suggests that the legislative findings in the 1991 rewritten statute demonstrate an important policy that the statute be construed to reduce delay and attorney's fees in condominium litigation and that he should thus be entitled to relax or even disregard the 30-day requirement when he has (unauthorizedly) filed an action without prior arbitration. He points out that the statute is silent as to the circumstance presented herea party fails to file a complaint for a trial within 30 days after a written arbitration decision has been presented while an unauthorized case was stayed. In the end, he contends that the same considerations that led us to stay unauthorized suits without arbitration should similarly lead us to disregard his failure to file timely for trial after arbitration. We disagree.
The obvious intent of section 718.1255(4)(a), fully expressed by the legislature, is that no party may commence an action in court on a dispute covered by the statute until and unless arbitration has been had. As we earlier explained, the requirement of prior arbitration is a condition precedent to any suit on the dispute. Although in Blum we allowed unauthorized actions covered by section 718.1255 to be stayed pending arbitration, rather than dismissed, nothing in Blum suggested or implied that the stay would relieve a party of filing a complaint for a trial de novo after the arbitration decision was presented during the stay.
A statute that clearly bars actions in court without prior arbitration would hardly be served by allowing unauthorized filings to be treated as statutory compliance when the arbitration has finally been had only because the court refused to allow the action to proceed without it. We are unable to treat the condition requiring prior arbitration as a mere incantation on the way to trial. Moreover section 718.1255(4)(k) expressly states that an arbitration decision is final unless a party formally files a complaint for a trial within 30 days afterwards. Giving the unauthorized filing the kind of effect urged by the owner would cancel the statute's clear command that the arbitration award be deemed final and binding unless one of the parties acts within the stated period after arbitration to demand a trial.
There is nothing suggesting that the legislature intended that the prior resort to arbitration be an empty and mechanical ritual. The full text and structure of section 718.1255 evidence a purpose to make this alternative form of dispute resolution effectivea real attempt to end the controversy then and there without the necessity of another suit in court. It would all be quite pointless if a party could ignore the prohibition on litigation without prior compliance and file the suit anyway, and then after a stay ignore the 30-day requirement, yet nevertheless continue the suit long after the arbitrator's award had become final. One who defies the statute and files in court without first submitting the dispute to nonbinding arbitration should get no benefit from the prohibited filing of an action without compliance with a statutory condition precedent to filing suit.
We therefore hold that a party to a dispute covered by section 718.1255 who desires not to accept an arbitrator's decision in a stayed, unauthorized action must still comply with the statutory requirement and formally file a complaint in court for a trial do novo within 30 days of the arbitrator's written decision. Where the unauthorized action, as here, has been stayed and is thus still pending, this compliance could be attached to a timely filed motion for leave to amend the original complaint to show compliance with section 718.1255. But nothing in the text of the statute suggests that the pendency of a stayed, unauthorized action filed without arbitration should be deemed as a sufficient demand for a trial de novo despite the arbitrator's decision.
Here the party did not do so, and the trial court was therefore required to dismiss the action and enforce the final decision by the arbitrator.
AFFIRMED.
*394 STONE, C.J., and GUNTHER, WARNER, POLEN, KLEIN, STEVENSON, SHAHOOD, GROSS and TAYLOR, JJ., concur.
DELL, J., recused.
NOTES
[1] § 718.1255 Fla. Stat. (1989).
[2] The statute was later amended without substantial change to these provisions. See Ch. 97-301, § 2, at 5425, 5427, Laws of Fla., and § 718.1255(4)(a) and (k), Fla. Stat. (1997).
[3] See § 718.1255(4)(k), Fla. Stat. (1997) ("An arbitration decision is also final if a complaint for a trial de novo is not filed in a court of competent jurisdiction in which the condominium is located within 30 days.").
[4] In Lindberg, the court made clear that the dismissal need not be with prejudice where the complaint could be amended to allege compliance within the applicable limitations period.
[5] The written arbitration decision was presented on May 14th, but the owner did not file a motion to amend his complaint in the stayed action until September 5th. On July 3rd the owner had filed a notice in the trial court attaching a copy of the arbitrator's decision, along with a motion to lift the stay. Apart from the fact that the July 3rd notice and motion failed to contain any complaint for a trial de novo, or request for leave to amend the complaint to allege compliance with section 718.1255(4)(k), this too was also filed outside the 30-day requirement of section 718.1255(4)(k).