SHEVIN, J.
Genoveva Villorín and Manuel Blanco, condominium unit owners at the Village of Kings Creek, appeal an order dismissing their complaint against the condominium association. We reverse.
On appeal, plaintiffs argue that the court erred in ruling that the lawsuit challenging the association’s authority to levy a special assessment is a dispute subject to nonbinding arbitration.[1] Section 718.1255(4)(a), Florida Statutes (1999), provides that a unit owner must submit certain disputes with the association to nonbinding arbitration before bringing an action in court. Here, the clear and unambiguous language of section 718.1255(1), defining “disputes,” shows that the complaint at issue falls outside those “disputes” subject to nonbinding arbitration under the statute. See Blum v. Tamarac Fairways Ass’n Inc., 684 So.2d 826 (Fla. 4th DCA 1996)(clear and unambiguous language of section 718.1255 defining “disputes” must be given its plain and obvious meaning), receded from on other grounds by Neate v. Cypress Club Condo., Inc., 718 So.2d 390 (Fla. 4th DCA 1998), review dismissed, 727 So.2d 908 (Fla.1999). Plaintiffs correctly rely on the portion of section 718.1255(1) providing that “ ‘dispute’ does not include any disagreement that primarily involves: ... the levy of a fee or assessment.” A review of the first amended complaint reveals allegations that the association breached the declaration by levying a special assessment in excess of its authority.[2] Although the complaint does set *1159 forth the alleged facts underlying the assessment, i.e., that the association was without authority to replace the switches and that the air conditioners are part of an individual “unit,” the gravamen of the complaint is the validity of the special assessment and the relief requested is a refund of the assessment rather than removal of the switches. Clearly, if there had been no special assessment plaintiffs would not have brought this action. See Carlandia Corp. v. Obernauer, 695 So.2d 408 (Fla. 4th DCA 1997), receded from on other grounds by Neate, 718 So.2d at 390. Therefore, we hold that the disagreement primarily involves the levy of an assessment, a matter not subject to nonbinding arbitration.
Accordingly, we reverse the dismissal and remand for further proceedings.
Reversed and remanded.

. The special assessment was to pay for replacement of disconnect switches at the air conditioner units located on the rooftop and serving individual “units.” Plaintiffs assert that the existing disconnect switches did not violate the county building code and the county did not require the association to install the switches.

. The breach of contract count includes allegations that:
32. On or about June 17, 1998, the Defendant approved and levied a special assessment to replace the air conditioning disconnect switches of each of the 1067 units in the Village of Kings Creek Condominium community based on an alleged violation by Metro-Dade County Building and Zoning requiring replacement of the same.
33. The Special Assessment passed by the Defendant created a lien upon the individual units of each of the 1067 units, including that of the Plaintiffs.
34. The Defendant's authority to levy and collect special assessments against unit owners is based upon the Declaration of Condominium for the Village of Kings Creek.
34.(sic) The Association not is (sic) authorized to levy special assessments to maintain common elements.
35. The air conditioning units constitute part of the “Unit” as defined by Florida Statute ... and the Declaration of Condominium section 1.08 and is the exclusive property of each individual unit and not part of the common elements or limited common elements....
36. The Defendant has no authority to pass a special assessment for repair or replacement of property belonging exclusively to the individual unit owners.
37. The Defendant's approval of an invalid special assessment, and collection of the same from the unit owners for the purpose of making repairs upon property which did not require repairs and was the exclusive property of the owners constitutes a breach of the Declaration of Condominium.
38. As a result of Defendant's breach, the Plaintiffs have been damaged in the amount of One Hundred and Twenty-five Dollars ($125.00), together with interest, costs and attorney’s [fees],
39. As a result of Defendant's actions, the Plaintiffs have had to retain an attorney *1159 and is obligated for payment of a reasonable attorney's fee and costs.
40. The Plaintiffs are entitled to the recovery of attorney’s fees and costs as the prevailing party pursuant to Florida Statute § 718.116 and the Declaration of Condominium.