CORTIÑAS, J.
Lisa Horowitz, Nancy Teske, and Robert Judd (collectively the “Unit Owners”) filed an action for declaratory judgment against the Intracoastal Point Condominium Association (the “Association”) asserting the invalidity of a “special meeting” held in January 2009 and seeking the appointment of a receiver. The Unit Owners alleged, in part, that three specific members of the Association “did not receive appropriate notice as the owners of the record at the time of the purported ‘special meeting.’ ” The Association, in turn, filed a motion to dismiss the complaint because the Unit Owners failed to first seek arbitration as required by section 718.1255. The trial court denied the motion.
Section 718.1255(4)(a), Florida Statutes, requires that “[pjrior to the institution of court litigation, a party to a dispute shall petition the [Division of Florida Condominiums, Timeshares, and Mobile Homes of the Department of Business] for nonbinding arbitration.” § 718.1255(4)(a), Fla. Stat. (2009). As set forth in the statute,
(1) ... “dispute” means any disagreement between two or more parties that involves:
[[Image here]]
(b) The failure of a governing body, when required by this chapter or an association document to:
[[Image here]]
*529 2. Give adequate notice of meetings or other actions.
§ 718.1255(l)(b)(2), Fla. Stat. (2009).
Under the facts of this case, we agree with the Association that the motion to dismiss should have been granted because the Unit Owners failed to comply with the arbitration requirement of section 718.1255. See Neate v. Cypress Club Condo., Inc., 718 So.2d 390 (Fla. 4th DCA 1998). Accordingly, we reverse.
Reversed and remanded.