# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2129

_____

PALISADES OWNERS'
ASSOCIATION, INC.,

Appellant,

v.

THOMAS F. BROWNING,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Hentz McClellan, Judge.

March 15, 2018

ROWE, J.

Thomas F. Browning, an owner of a unit in the Palisades condominium community, sued Palisades Owners' Association, Inc., after two of the Association's board members installed a boat lift at the community's boat dock without the approval of the other unit owners. The Association moved to dismiss the complaint, arguing that Browning was required to submit his claim to nonbinding arbitration pursuant to section 718.1255, Florida Statutes (2016), before filing suit because the disagreement between the parties was a garden-variety dispute between a unit owner and condominium association. Because the complaint included claims of breach of fiduciary duty by the Association, the trial court denied the motion to dismiss, finding

that Browning's claims were specifically excluded from the class of disagreements required to be submitted to arbitration under the statute. We affirm.

The Palisades is a condominium community located in Panama City, Florida. One of the common elements of the community is a boat dock with ten slips for the use and benefit of the entire community. According to the Association's by-laws, any alteration to the common elements requires approval of at least three-fourths of all of the unit owners. And, for any alteration affecting any unit owner, unanimous approval from all unit owners is required.

Dan Phillips and Jamey Phillips each own a unit in the Palisades and serve on the Association's board of directors. In early 2016, they installed a permanent, freestanding boat lift at the end of the community's boat dock *for their exclusive use* without prior approval from the other unit owners. Browning asserted that construction of the boat lift without approval of the other unit owners violated the community's by-laws and demanded that the boat lift be removed. However, the boat lift remained, and at a meeting in late 2016, the board of directors (including Jamey Phillips) voted to amend the community's by-laws to allow for temporary personal boat docks. It was asserted that the vote was done for self-serving interests and not in accordance with the responsibility of the Board of Directors to maintain the common element for the enjoyment of all owners. Shortly thereafter, Browning filed suit against the Association. The Association's motion to dismiss the suit was denied, and this appeal follows.

The Association asserts that Browning's disagreement with the Association was a "dispute" subject to the alternate dispute resolution procedures provided in section 718.1255, and therefore Browning was required to petition for nonbinding arbitration before filing a complaint in the trial court. But we hold that Browning's complaint does not allege a "dispute" within the meaning of section 718.1255, and therefore Browning was not required to submit his claim to arbitration as a condition precedent to filing suit in the trial court. We reach this conclusion by examining the plain meaning of the statute. *Holly*

2

*v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) ("When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, . . . the statute must be given its plain and obvious meaning."). The language of this statute is clear and unambiguous. Section 718.1255 requires that as a condition precedent to filing an action in the trial court, a "dispute" between a condominium owner and the board of the condominium association must be submitted to nonbinding arbitration. § 718.1255(1), Fla. Stat. (2016); *Neate v. Cypress Club Condo., Inc.*, 718 So. 2d 390, 392 (Fla. 4th DCA 1998). The statute defines a "dispute" as a disagreement between two or more parties over the authority of the board of directors to require an owner to take (or not take) an action involving that owner's unit or the authority of the board to alter or add to a common area. § 718.1255(1)(a), Fla. Stat. (2016). The definition of "dispute" also includes a challenge to the governing body's failure to properly conduct elections, to give adequate notice of meetings, to properly conduct meetings, and to allow inspection of its books. § 718.1255(1)(b), Fla. Stat. (2016).

However, the Legislature specifically excluded from the statutory definition of "dispute" several categories of more complex disagreements between unit owners and condominium associations including title claims, interpretation or enforcement of a warranty, fee assessments, evictions, *breaches of fiduciary duty*, and claims for damages for failure to maintain common areas. § 718.1255(1), Fla. Stat. (2016).

The Association argues that Browning's complaint falls under the statutory definition of a "dispute" because it challenges the authority of the Association to alter or add to the boat dock, which is a common area. However, Browning's complaint does more than raise a garden-variety factual dispute about changes to the common area of the condominium community. Rather, Browning's complaint alleges a breach of fiduciary duty by the Association through the action of two of its board members, conflicts of interest, and violations of the Association's by-laws. As our review is limited to the four corners of the complaint, all well-pleaded allegations must be accepted as true. *Gomez v. Fradin*, 41 So. 3d 1068, 1070 (Fla. 4th DCA 2010). Because Browning's complaint alleges a "breach of fiduciary duty by one

3

or more directors," the disagreement between the parties does not fall within the statutory definition of a "dispute" that must be submitted to arbitration before filing suit. § 718.1255(1)(c), Fla. Stat. (2016). Accordingly, Browning was not required to petition for nonbinding arbitration as a condition precedent to bringing suit, and the trial court properly denied the Association's motion to dismiss the complaint.

AFFIRMED.

WOLF and RAY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————


Linda H. Wade of Wade, Palmer & Shoemaker, P.A., Pensacola, for Appellant.

Richard S. Johnson, Niceville, for Appellee.

4