DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AQUARIUS CONDOMINIUM ASSOCIATION, INC.,**
Appellant,

v.

**BORIS GOLDBERG** and **CAROLYN CROOKS,**
Appellees.

No. 4D19-3403

[January 27, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE17-013255(18).

Justin M. Smith of Katzman Chandler, Fort Lauderdale, for appellant.

Louis C. Arslanian, Hollywood, for appellees.

WARNER, J.

The trial court dismissed an action for injunction by a condominium association against unit owners for lack of subject matter jurisdiction. The court concluded that because section 718.1255, Florida Statutes (2017), requires non-binding pre-suit arbitration in certain cases between condominium associations and unit owners prior to filing suit, the court lacked subject matter jurisdiction. We hold that section 718.1255 does not deprive the circuit court of subject matter jurisdiction and reverse.

Aquarius Condominium Association, Inc. ("the association") sued Boris Goldberg and Carolyn Crooks ("the unit owners") who are the co-trustees for a trust that owns a unit in the Aquarius Condominium. Initially, as provided in section 718.1255, the association filed a petition for mandatory non-binding arbitration in the Department of Business and Professional Regulation (DBPR), seeking to secure access to the unit for maintenance and repairs. That same day, the association filed an "Emergency Motion to Abate Arbitration and Temporarily Relinquish Jurisdiction" to seek injunctive relief in the circuit court to secure immediate access to the unit. The arbitrator abated the proceeding for three months and noted that if the association failed to file a status report,

the arbitrator would consider the matter to be moot and dismiss the petition.

The association then filed a complaint in circuit court for an injunction to compel access to the unit. It alleged the need for access to the balcony to commence a forty year recertification of the condominium property, which unit owners resisted. With the complaint, the association also filed an emergency motion for temporary injunction. A hearing on the emergency motion was set and then cancelled, and no order with respect to that relief was ever entered.

The unit owners filed an answer and affirmative defenses to the complaint, which included the allegations of mootness in that at the time of the filing of the complaint, the balcony had already been demolished by the association's contractor. The association filed a motion to compel mediation, explaining that access to both the exterior and interior of the unit was necessary to determine the scope of work. The parties mediated the issues and entered into a settlement agreement. After the agreement was signed, the association filed a motion to enforce the settlement agreement, together with a motion for attorney's fees and costs.

The unit owners then filed a motion to dismiss for lack of subject matter jurisdiction, in which they requested the court to declare all orders and proceedings null and void. Initially, the court denied the unit owners' motion to dismiss for lack of subject matter jurisdiction, stating: "Based upon *Sterling Condo. Ass'n, Inc. v. Herrera*, 690 So. 2d 703 (Fla. 1997), the court finds section 718.1255 is not jurisdictional." The unit owners filed a motion for rehearing, and the trial court granted that motion and dismissed the case, ultimately concluding that the court lacked subject matter jurisdiction.

This appeal follows. The standard of review for an order granting a motion to dismiss is de novo. *See Accardi v. Hillsboro Shores Imp. Ass'n, Inc.*, 944 So. 2d 1008, 1011 (Fla. 4th DCA 2005).

The association argues that the trial court erred in dismissing the case for lack of subject matter jurisdiction, because section 26.012, Florida Statutes (2017), confers subject matter jurisdiction over equitable matters, and section 26.012(3) specifically provides that circuit courts "may issue injunctions." We agree that the circuit court has subject matter jurisdiction under these statutes.

The unit owners contend that section 718.1255, Florida Statutes (2017), precluded the court from exercising jurisdiction once it was

2

determined that there was no emergency which would permit abatement of the already commenced arbitration. Section 718.1255 provides for non-binding arbitration of certain disputes between condominium associations and unit owners so as to offer "a more efficient, cost-effective option to court litigation." § 718.1255(3)(b), Fla. Stat. (2017). Section 718.1255(4) provides:

> (a) Prior to the institution of court litigation, a party to a dispute shall petition the division for nonbinding arbitration.
> . . .
>
>  . . .
>
> (c) Upon receipt, the petition shall be promptly reviewed by the division to determine the existence of a dispute and compliance with the requirements of paragraphs (a) and (b). If emergency relief is required and is not available through arbitration, a motion to stay the arbitration may be filed. The motion must be accompanied by a verified petition alleging facts that, if proven, would support entry of a temporary injunction, and if an appropriate motion and supporting papers are filed, the division may abate the arbitration pending a court hearing and disposition of a motion for temporary injunction.

The statute does not divest jurisdiction from the court. Instead it establishes a condition precedent to litigation.

This case is analogous to *Sterling Condominium Association v. Herrera*, 690 So. 2d 703 (Fla. 3d DCA 1997). There, a condominium association sued a unit owner for an injunction. *Id.* at 704. The parties litigated in circuit court, which entered a final summary judgment for the association. *Id.* The unit owner then filed a motion for rehearing arguing that the court lacked subject matter jurisdiction because the association had failed to comply with the mandatory non-binding arbitration provisions of section 718.1255, Florida Statutes (1993) (statute is essentially the same as the current statute). *Id.* The trial court granted the motion, vacated the final summary judgment, ordered the parties to comply with section 718.1255, and stayed any further proceedings pending the completion of arbitration. *Id.* On appeal, the Third District held that section 718.1255 was not jurisdictional, noting that the statute "explains that 'nothing in this provision shall be construed to foreclose parties from proceeding in a trial de novo.'" *Id.* Further, the unit owner "waived [the] right to compel arbitration by filing an answer, affirmative defenses, and a counterclaim,

3

and by actively participating in the litigation in circuit court for over two years before . . . [seeking] arbitration." *Id.* at 705.

In *Neate v. Cypress Club Condominium, Inc.,* 718 So. 2d 390 (Fla. 4th DCA 1998), we established that the arbitration provided in section 718.1255 created a condition precedent to filing an action in court. *Id.* at 392. Compliance with a condition precedent may be waived by a defendant. *See City of Pembroke Pines v. Atlas*, 474 So. 2d 237, 238 (Fla. 4th DCA 1985).

Thus, the trial court had subject matter jurisdiction of the case. Non-binding arbitration pursuant to section 718.1255 was a condition precedent to the filing of suit, not a matter of jurisdiction. In fact, the association did file for arbitration pursuant to that provision. The arbitrator granted its motion to abate to pursue emergency relief, and the association filed its complaint for injunction. The parties proceeded to litigate in the circuit court. The unit owners filed an answer and affirmative defenses but did not raise the failure to arbitrate pursuant to section 718.1255, nor did they request that the court abate the suit to return the parties to the previously invoked arbitration proceeding. Having failed to raise the noncompliance with a condition precedent, as well as their continued litigation, they have waived it. *Sterling*, 690 So. 2d at 705.

For the foregoing reasons, we reverse the trial court's order of dismissal and remand to the trial court for further proceedings.

*Reversed and remanded for further proceedings.*

CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***