# Third District Court of Appeal
## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1371
Lower Tribunal No. 18-5326
_____

**BMC Southwood LLC, et al.,**
Appellants,

vs.

**Bobby Monochelli, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A., and Manuel Farach (West Palm Beach); Moris & Associates and Alberto N. Moris, for appellants.

Cooke Carbonell LLP and Robert F. Cooke and Arianna M. Mendez, for appellees.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

In this post-condominium termination case, Appellants challenge the

trial court's non-final order denying their motion to dismiss the operative complaint alleging counts for civil conspiracy, violation of section 718.303, Florida Statutes, breach of fiduciary duty, and fraud. They argue that dismissal of the complaint is required because the counts it frames constitute disputes within the meaning of section 718.1255(1)(c), Florida Statutes, and Appellees failed to timely initiate mandatory non-binding arbitration, as required by sections 718.117(16) and 718.1255(4), Florida Statutes, prior to filing of this action. Appellants further assert that the first three counts alleged against them failed to state a cause of action.

We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) to review that portion of the challenged order determining a party's entitlement to arbitration. See also CWELT-2008 Series 1045 LLC v. Park Gardens Ass'n, 305 So. 3d 618, 619 (Fla. 3d DCA 2020) (stating that court had jurisdiction to review denial of motion to dismiss counterclaim for failure to comply with mandatory arbitration provision of section 718.1255(4)). Our standard of review is de novo. See id. at 620 n.1. At this stage of the proceedings, however, our review is limited to the factual allegations within the four corners of the operative complaint, which we must accept as true. Palisades Owners' Ass'n v. Browning, 247 So. 3d 589, 591 (Fla. 1st DCA 2018).

2

In determining whether a plaintiff's claims are subject to mandatory non-binding arbitration, we look to the gravamen of the complaint and the relief sought, as opposed to how the claims are labeled. See Cornerstone 417, LLC v. Cornerstone Condo. Ass'n, 300 So. 3d 1262, 1266 (Fla. 5th DCA 2020); see also Villorin v. Vill. of Kings Creek Condo. Ass'n, 789 So. 2d 1157, 1159 (Fla. 3d DCA 2001). We agree with our sister court's decision in Cornerstone for the broader proposition that the doctrine of exhaustion of remedies applies in a condominium-related disagreement where a claimant seeks money damages for undervaluation of its unit during termination of a condominium pursuant to a plan of termination, and, in effect, disputes "the fairness and reasonableness of the apportionment of the proceeds" from the sale among the unit owners. 300 So. 3d at 1266 (quoting § 718.117(16)). However, because careful review of the complaint before us revealed allegations involving disagreements which, at least arguably, do not fall within the statutory definition of a dispute that is subject to mandatory non-binding arbitration pursuant to section 718.1255(1), we find that a dismissal of this action is not warranted at this juncture. See Villorin, 789 So. 2d at 1159 (finding that disagreement between parties was not subject to mandatory non-binding arbitration because gravamen of complaint was validity of special assessment and relief requested was its refund); Browning,

3

247 So. 3d at 591 (accepting well-pleaded allegations as true and finding that, because complaint alleged breach of fiduciary duties by one or more directors, claimant was not required to petition for nonbinding arbitration as condition precedent to bringing suit).

As to the portion of the challenged order denying Appellants' motion to dismiss for failure to state a cause of action, we lack jurisdiction to review it, and "conclude that the aspect of the order . . . is not of such an extraordinary nature as to justify certiorari review." Phuong v. Mina, 308 So. 3d 1135, 1135-36 (Fla. 5th DCA 2020).

Affirmed in part; dismissed in part.