DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**2944 TRIVIUM CIRCLE, LLC,**
Appellant,

v.

**TRIVIUM PARK HC, LLC, TRIVIUM PARK HC 1 CONDOMINIUM
ASSOCIATION, INC., MARIO M. BUSTAMANTE,
ANTONIO CABRERA,** and **LUIS F. RODRIGUEZ,**
Appellees.

No. 4D2025-0494

[October 15, 2025]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne E. Fahnestock, Judge; L.T. Case No. CACE23018341.

Richard L. Petrovich, Jennifer A. Bautista, and Ryder S. Gaenz of Tripp Scott, P.A., Fort Lauderdale, for appellant.

Edwin Cruz and Cristina Hernandez Villar of Kaufman, Dolowich, LLP, Fort Lauderdale, for appellees Bustamante, Cabrera, and Rodriguez.

GERBER, J.

The plaintiff, which owns units within a condominium association, sued the association's directors for breach of fiduciary duty, among other claims. The directors filed a motion to compel arbitration, which the circuit court granted as to the breach of fiduciary duty claim. On appeal, the plaintiff argues the circuit court erred in entering the arbitration order, because the directors' alleged breaches of fiduciary duties are not an arbitrable "dispute," as defined in section 718.1255(1), Florida Statutes (2023). We agree with this argument and reverse the arbitration order.

The association's bylaws contain the following arbitration provision: "Prior to the institution of court litigation, the parties to a [condominium association] dispute, as defined in the Act, shall petition the [Division of Florida Condominiums] for nonbinding arbitration. Arbitration shall be conducted according to rules promulgated by the division." The association's bylaws define "Act" as Chapter 718, Florida Statutes.

Section 718.1255(4)(a), Florida Statutes (2023), pertinently provides: "Before the institution of court litigation, a party to a [condominium association] ***dispute***, other than an election or recall dispute, shall either petition . . . for nonbinding arbitration or initiate presuit mediation." (emphases added). What constitutes a "dispute" is defined in section 718.1255(1):

> As used in this section, the term "dispute" means any disagreement between two or more parties that involves:
>
> (a) The authority of the board of directors, under this chapter or association document, to:
>
> 1. Require any owner to take any action, or not to take any action, involving that owner's unit or the appurtenances thereto.
>
> 2. Alter or add to a common area or element.
>
> (b) The failure of a governing body, when required by this chapter or an association document, to:
>
> 1. Properly conduct elections.
>
> 2. Give adequate notice of meetings or other actions.
>
> 3. Properly conduct meetings.
>
> 4. Allow inspection of books and records.
>
> (c) A plan of termination pursuant to s. 718.117.
>
> ***"Dispute" does not include any disagreement that primarily involves***: title to any unit or common element; the interpretation or enforcement of any warranty; the levy of a fee or assessment, or the collection of an assessment levied against a party; the eviction or other removal of a tenant from a unit; ***alleged breaches of fiduciary duty by one or more directors***; or claims for damages to a unit based upon the alleged failure of the association to maintain the common elements or condominium property.

§ 718.1255(1), Fla. Stat. (2023) (emphases added).

2

The directors concede that alleged breaches of fiduciary duties, "if any," are not arbitrable. However, the directors argue that because the plaintiff's complaint also "contains around 20 references to the elections that the [directors] should allegedly have conducted," the complaint primarily involves an arbitrable "dispute" under section 718.1255(1)(b)1.

The plaintiff replies that the complaint's substance primarily involves the directors' alleged breaches of fiduciary duties.

We agree with the plaintiff's interpretation of the complaint. Thus, the complaint's breach of fiduciary duty claim does not primarily involve an arbitrable "dispute" under section 718.1255(1). *See Gomez v. Fradin*, 41 So. 3d 1068, 1071 (Fla. 4th DCA 2010) (complaint's allegations that the association and its directors had breached their fiduciary duties to unit owners, which allegations must be accepted as true for purposes of review, "were not of the type normally associated with 'disputes' as defined by Florida's Condominium Act and thus, not subject to mandatory presuit non-binding arbitration").*Carlandia Corp. v. Obernauer*, 695 So. 2d 408, 409–10 (Fla. 4th DCA 1997) (section 718.1255 did not require presuit arbitration where "[t]he dominant legal theories of the complaint were that the directors and the association [had] breached statutory and fiduciary duties by failing to properly investigate and pursue legal actions against the developer and general contractor for construction defects"), *receded from on other grounds by Neate v. Cypress Club Condo., Inc.*, 718 So. 2d 390, 392 (Fla. 4th DCA 1998).

Based on the foregoing, we reverse the circuit court's arbitration order. We remand for the circuit court to proceed on the plaintiff's breach of fiduciary duty claim.

*Reversed and remanded for further proceedings as directed.*

MAY and CONNER, JJ., concur.

* * *

**Not final until disposition of timely-filed motion for rehearing.**

3