698 So.2d 655 (1997)
Edward GRAEF, Appellant,
v.
Andrew Stephen HEGEDUS, Byron Eliot Verkauf, Florida Land Design and engineering, inc., a Florida corporation, City of Tampa, a municipal corporation, Byron E. Verkauf, D.D.S., P.A., and Dames & Moore, Inc., a foreign corporation, Appellees.
DAMES & MOORE, INC., Appellant,
v.
Edward GRAEF, Appellee.
Nos. 96-00278, 96-01619.
District Court of Appeal of Florida, Second District.
September 5, 1997.
Paul J. Lane of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for Edward Graef.
David B. Weinstein and R. Marshall Rainey of Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, for Dames & Moore, Inc.
PER CURIAM.
In this consolidated appeal, Edward Graef appeals the summary final judgment entered in favor of Dames and Moore, Inc., and Dames and Moore appeals the trial court's order denying its motion for attorney's fees. We reverse the summary final judgment, which renders the attorney's fees issue moot.
In April of 1992, Graef sued for injuries sustained in an automobile accident that occurred on March 26, 1991, at the intersection of Boy Scout Boulevard and West Columbus Drive in Tampa, Florida. Graef was the passenger in the rear seat of an automobile which crossed the median and ran head-on into oncoming traffic. Graef originally sued the two drivers involved in the accident, the City of Tampa, and Florida Land Design and Engineering, Inc. ("FLDE"). The theories of liability against the City of Tampa and FLDE involved the negligent design and construction of the intersection. In March of 1995, Graef filed a third amended complaint, adding Dames and Moore as a defendant and alleging that Dames and Moore was responsible for FLDE's liabilities because it purchased the assets and corporate liabilities of FLDE.
In Florida, the liabilities of a predecessor corporation are not imposed upon the *656 successor company unless: "(1) the successor expressly or impliedly assumes the obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor corporation is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid the liabilities of the predecessor." See Bernard v. Kee Mfg. Co., Inc., 409 So.2d 1047, 1049 (Fla.1982). Graef asserts that the transaction between FLDE and Dames and Moore was a de facto merger or, in the alternative, that the transaction was a fraudulent effort to avoid the liabilities of FLDE.
By granting a summary final judgment in favor of Dames and Moore, the trial court determined that Dames and Moore's purchase of FLDE's assets was neither a de facto merger nor a fraudulent transaction. We agree that the undisputed facts do not meet the criteria of a de facto merger. As to the fraudulent transfer claim, "[o]rdinarily, the issue of fraud is not a proper subject of a summary judgment. Fraud is a subtle thing, requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud." Rosen v. Zoberg, 680 So.2d 1050, 1052 (Fla. 3d DCA 1996) (quoting Automobile Sales, Inc. v. Federated Mut. Implement and Hardware Ins. Co., 256 So.2d 386, 386 (Fla. 3d DCA 1972)). Given the alleged disparity between the value of the FLDE assets and the consideration paid for the purchase, we conclude that genuine issues of material fact remain unresolved as to whether this transaction constitutes a fraudulent transfer under section 726.105, Florida Statutes (1989), of the Uniform Fraudulent Transfer Act.
Accordingly, we reverse the summary judgment and remand for further proceedings.
FRANK, A.C.J., and PATTERSON and FULMER, JJ., concur.