715 So.2d 365 (1998)
Jacqueline CLARK, etc., et al., Appellants,
v.
Elinor C. ENGLAND, Appellee.
No. 98-346.
District Court of Appeal of Florida, Fifth District.
August 14, 1998.
Paul R. Berg of Clem, Polackwich & Vocelle, Vero Beach, for Appellants.
*366 A. Van Catterton, Jr. of A. Van Catterton, Jr., P.A., Melbourne, for Appellee.
DAUKSCH, Judge.
Appellants, Jacqueline Clark, Charlotte Miller, Edward Brogan and Richard Herman, jointly and severally, individually and as directors of River Lakes Condominium Association, Inc., and River Lakes Condominium Association, Inc., timely appeal an order denying their motion for arbitration and for stay.
This case arose when appellee, Elinor England, filed a complaint against appellants for malicious prosecution, negligence, breach of fiduciary duty, slander and conspiracy. Appellants filed a motion for arbitration and for stay pursuant to section 718.1255, Florida Statutes (1997). The trial court entered an order denying their motion and they appealed. We affirm.
Appellants filed their motion for arbitration pursuant to section 718.1255 which provides in pertinent part the following:
718.1255 Alternative dispute resolution; voluntary mediation; mandatory nonbinding arbitration; legislative findings.
(1) DEFINITIONS.As used in this section, the term "dispute" means any disagreement between two or more parties that involves:
(a) The authority of the board of directors, under this chapter or association document to:
1. Require any owner to take any action, or not to take any action, involving that owner's unit or the appurtenances thereto.
2. Alter or add to a common area or element.
(b) The failure of a governing body, when required by this chapter or an association document, to:
1. Properly conduct elections.
2. Give adequate notice of meetings or other actions.
3. Properly conduct meetings.
4. Allow inspection of books and records.
"Dispute" does not include any disagreement that primarily involves: title to any unit or common element; the interpretation or enforcement of any warranty; the levy of a fee or assessment, or the collection of an assessment levied against a party; the eviction or other removal of a tenant from a unit; alleged breaches of fiduciary duty by one or more directors; or claims for damages to a unit based upon the alleged failure of the association to maintain the common elements or condominium property.
* * * * * *
(3) LEGISLATIVE FINDINGS.
(a) The Legislature finds that unit owners are frequently at a disadvantage when litigating against an association. Specifically, a condominium association, with its statutory assessment authority, is often more able to bear the costs and expenses of litigation than the unit owner who must rely on his or her own financial resources to satisfy the costs of litigation against the association.
(b) The Legislature finds that the courts are becoming overcrowded with condominium and other disputes, and further finds that alternative dispute resolution has been making progress in reducing court dockets and trials and in offering a more efficient, cost-effective option to court litigation. However, the Legislature also finds that alternative dispute resolution should not be used as a mechanism to encourage the filing of frivolous or nuisance suits.
(c) There exists a need to develop a flexible means of alternative dispute resolution that directs disputes to the most efficient means of resolution.
(d) The high cost and significant delay of circuit court litigation faced by unit owners in the state can be alleviated by requiring nonbinding arbitration and mediation in appropriate cases, thereby reducing delay and attorney's fees while preserving the right of either party to have its case heard by a jury, if applicable, in a court of law.
* * * * * *
(4) MANDATORY NONBINDING ARBITRATION AND MEDIATION OF DISPUTES. ...

*367 (a) Prior to the institution of court litigation, a party to a dispute shall petition the division for nonbinding arbitration....
Section 718.1255 applies only to disputes between a unit owner and a condominium association. Fla. Admin. Code R. 61B-45.013 (only those disputes between a unit owner and a condominium association or its board of administration are eligible for arbitration); Ruffin v. Kingswood E. Condominium Ass'n, Inc., 23 Fla. L. Weekly D1178, D1179 (Fla. 4th DCA May 13, 1998) (section 718.1255 precluded arbitration of dispute where appellant was not a unit owner as statute does not include within its purview arbitration of disputes between condominium association and third parties); Blum v. Tamarac Fairways Ass'n, Inc., 684 So.2d 826, 827 (Fla. 4th DCA 1996) (section 718.1255(4)(a), Florida Statutes (1995) provides for mandatory nonbinding arbitration of disputes between unit owners and their condominium association before commencement of court litigation). See also Fla. Admin. Code R. 61B-45.015 & 61B-45.017; Carlandia Corp. v. Obernauer, 695 So.2d 408 (Fla. 4th DCA 1997) (section 718.1255 designed to protect unit owners from high cost and significant delay of court litigation with their condominium association); Sterling Condominium Ass'n, Inc. v. Herrera, 690 So.2d 703 (Fla. 3d DCA 1997) (refers to the parties in section 718.1255 as the unit owner and the association). A unit owner is "a record owner of legal title to a condominium parcel." § 718.103(25), Fla. Stat. (1998).
The prevailing authority's interpretation of the statute is supported by the legislative intent set forth in section 718.1255(3) in which the parties are referred to as the unit owner and the condominium association. Although appellee was a unit owner when she filed her complaint in September of 1997, she was not a unit owner when the causes of action arose on January 14, 1997. Thus, the arbitrator lacked subject matter jurisdiction to hear the controversy between the parties.
AFFIRMED.
PETERSON, J., concurs.
HARRIS, J., dissents, with opinion.
HARRIS, Judge., dissenting.
I respectfully dissent.
Because Mrs. England was an owner at the time she filed the law suit, even though she was not technically the owner when her claimed causes of action arose, the jurisdictional requirements of the statute nevertheless seems to have been met. This is so because the dispute which is the core of each count of England's complaint involves the rights of the "owner," a corporation of which she was a director, to assign to her the corporation's ownership right to run for a directorship of the condo association. Her claims all depend on her right to become a director of the condo association because she was the designated representative of the owner and its authorized resident of the unit. Unless she can establish her right to serve as director as a representative of the corporate owner, it is difficult to see how she can even state a cause of actionor prevail under it. Because she asserted that right, and the condo association disputed it, when she refused to leave a directors' meeting after notice, she was arrested. Was the corporate owner, under the condo documents, authorized to name Mrs. England to stand in its stead and to seek a directorship as though she were the title holder? The answer to this question seems to be within the contemplation of the arbitration provision and, since she has now replaced the corporation as the owner of the unit, it appears that only she can seek the answer.