842 So.2d 214 (2003)
Naywin MAUNG, Appellant,
v.
NATIONAL STAMPING, LLC, Appellee.
No. 3D02-1942.
District Court of Appeal of Florida, Third District.
April 2, 2003.
Richard A. Kupfer (West Palm Beach), for appellant.
*215 Welbaum, Guernsey, Hingston, Greenleaf & Gregory, L.L.P., and Robert J. Black, Coral Gables, for appellee.
Before GODERICH, GREEN, and FLETCHER, JJ.
GREEN, J.
Naywin Maung, defendant below, appeals a partial final summary judgment entered on a count brought pursuant to the civil worthless check statute, section 68.065, Florida Statutes (1999), filed against him. We reverse.
National Stamping, L.L.C. ("National Stamping"), plaintiff below, is a wholesale distributor of cigarette products. Maung owns a retail outlet in Fort Pierce, Florida. The parties agreed that Maung would exclusively sell and distribute a certain brand of cigarettes in the Central Florida, Fort Pierce and Port St. Lucie areas. Maung purchased several thousand cartons of four different types of that brand of cigarettes from National Stamping for a total of $40,250. Maung paid for the cigarettes with two checks; one for $20,000 and one for $20,250. In this action, Maung claims that after he paid National Stamping, he discovered that some of the cartons of cigarettes were counterfeit. For that reason, he stopped payment on the check issued to National Stamping for $20,250, and returned the merchandise he deemed to be counterfeit.
National Stamping then filed the instant four-count complaint against Maung for: (1) treble damages under the civil worthless check statute; (2) breach of contract; (3) conversion; and (4) fraud. Maung answered the complaint and affirmatively alleged that some of the merchandise was counterfeit, and that he had paid for all of the merchandise that was not counterfeit. National Stamping filed no reply to this affirmative defense.
In fact, the next pleading filed in this cause was National Stamping's motion for summary judgment on the worthless check count. In support of this motion, was an affidavit averring in relevant part that National Stamping had sold Maung merchandise with a value of $40,250, and that Maung had stopped payment on the check for $20,250 and had otherwise failed to pay this amount. Neither the motion nor the affidavit addressed Maung's affirmative defense that the subject merchandise was counterfeit. Maung did not file any opposing affidavit or sworn statement in opposition to this motion.[1]
The trial court granted the motion and entered partial final summary judgment in favor of National Stamping in the amount of $81,000 pursuant to the treble damages provision of the worthless check statute. See § 68.065(1), Fla. Stat. (1999). Maung appeals and urges that the trial court erred in granting this summary judgment where there was a disputed issue of material fact as to whether he received adequate consideration (i.e. the benefit of his bargain) from National Stamping so as to justify his stopped payment of the check. We agree and reverse.
Initially, we note that the civil worthless check statute provides a cause of action for treble damages against the maker of a check who stops payment on the check with intent to defraud and who thereafter fails to pay the amount owing. That statute provides in pertinent part that:
In any civil action brought for the purpose of collecting a check, draft, or order *216 of payment, the payment of which was refused by the drawee ... where the maker or drawer stops payment on the check, draft, or order of payment with intent to defraud, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days following a written demand therefore,... the maker or drawer shall be liable to the payee, in addition to the amount owing upon such check, draft, or order, for damages of triple the amount so owing....
§ 68.065(1), Fla. Stat.
From the plain reading of the statute, therefore, the maker is liable only if payment has been stopped on a check with an intent to defraud, and the maker thereafter fails to pay the amount owing in cash within 30 days following a written demand. In this case, although National Stamping filed a separate fraud count against Maung, it never alleged in the complaint or attempted to establish in the motion for summary judgment that Maung had stopped payment on the check with an intent to defraud. Therefore, setting aside Maung's affirmative defense for the moment, National Stamping never established its entitlement to judgment as a matter of law under section 68.065(1), and the summary judgment was error. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Williams v. City of Lake City, 62 So.2d 732, 733 (Fla.1953) (summary judgment is proper only if there are no material issues of fact and the moving party can establish its entitlement to judgment as a matter of law).
The entry of summary judgment in this case was also inappropriate because Maung raised an affirmative defense which was never negated by affidavit or sworn evidence by National Stamping. The law is clear that where a defendant pleads an affirmative defense and the plaintiff does not, by affidavit or other sworn evidence, negate or deny that defense, the plaintiff is not entitled to summary judgment. Johnson & Kirby, Inc. v. Citizens Nat'l Bank of Fort Lauderdale, 338 So.2d 905, 906 (Fla. 3d DCA 1976); see also Fasano v. Hicks, 667 So.2d 1033, 1034 (Fla. 2d DCA 1996) (finding that in absence of some proof contradicting or opposing affirmative defense, entry of summary judgment is improper). In this case, although National Stamping averred by affidavit that the merchandise delivered to Maung had a value of $40,250, it never averred that this merchandise was in fact that which was contracted for by Maung. Therefore, this uncontested averment was of no moment to the resolution of this dispute between the parties.
Thus, for the foregoing reasons, the entry of partial final summary judgment was error, and we reverse and remand for further proceedings.
Reversed and remanded.
NOTES
[1] In response to the motion for summary judgment, Maung did serve an answer wherein he denied that the cigarettes sold to him had a value of $40,250 due to the fact that some of them were counterfeit. He admitted that he had stopped payment on the subject but denied that he had done so without just cause.