847 So.2d 1070 (2003)
NATIONAL VENTURES, INC. and Agra Industries Limited, Appellants,
v.
WATER GLADES 300 CONDOMINIUM ASSOCIATION, a Florida corporation, Appellee.
No. 4D01-3920.
District Court of Appeal of Florida, Fourth District.
June 11, 2003.
*1071 Julian H. Kreeger of Julian H. Kreegar, P.A., Miami, for Appellants.
G. Bart Billbrough of Billbrough & Marks, P.A., Coral Gables, for Appellee.
TAYLOR, J.
National Ventures, Inc. and Agra Industries Limited ("National Ventures") appeal a final order dismissing their claims against Water Glades 300 Condominium Association ("Water Glades"). We affirm the trial court's dismissal of their fraud claim but reverse as to all other claims.
In 1978, National Ventures purchased Condominium Unit 23-D at the Water Glades 300 Condominium in Palm Beach. The condo was to be used as a vacation facility for company executives. When the condo was purchased, the condo declarations stated in pertinent part:

E. Occupants of Units:

(1) No Unit Owner, other than the Developer, shall permit his Unit to be occupied by any person other than the Unit Owner or his spouse, children, parents, siblings or any one or more of them, without the prior written consent of the Association, which shall not be unreasonably withheld or delayed.
(2) Where a Unit is owned by a corporate entity it shall designate, by a notice given to the Association, the permitted occupants of the Unit as it desires, and for such period of time as it desires. The occupants so designated, including the members of the immediate families of the persons so designated, shall thereupon be permitted to occupy the Unit.
The executives and their families used the condo for fifteen years without incident. In November 1993 National Ventures sent its yearly reservation list for the 1993-94 season. The president of the condo association wrote back to National Ventures, advising it that the association had amended the rules. The amendment stated that "Unit Owners are limited to having overnight guests, other than immediate family members, in the unit in the owner's absence for a cumulative total of thirty (30) days during any calendar year." The president requested National Ventures to revise its reservation list to comply with the amended provision.
National Ventures objected to the amendment as applied to a corporate owner. It explained to the association that, because a corporation can be physically present only through its "owners" or executives, National Ventures's representatives, i.e., the executives, would be excluded as "non-owner" guests and thus prevented from using the condo for eleven months of the year. When Water Glades indicated that it would not exempt National Ventures from the new rule to accommodate its executives, the company filed suit against Water Glades for injunctive relief. It later filed an amended complaint seeking damages for the loss of use of its property and for continuing to *1072 have to pay maintenance and assessment fees.
Upon Water Glades' motion, the trial court dismissed the amended complaint for failure to state a cause of action. National Ventures filed a Second Amended Complaint, alleging the following causes of action:
Count I-Acting Ultra Vires and Breach of Fiduciary Duty
Count II-Unjust Enrichment
Count III-Fraud
Count IV-Conversion
Count V-Interference with Business Relations
Count VI-Constructive Ejectment and/or Loss of Use of Property
Count VII-Breach of Contract
After National Ventures sold the condominium and filed its Second Amended Complaint, Water Glades moved to dismiss it, claiming that the trial court lacked subject matter jurisdiction because certain counts had to be submitted to non-binding arbitration pursuant to section 718.1255, Florida Statutes, (1995) (Condominium Arbitration Act). Section 718.1255 requires that certain disputes involving unit owners and condo associations be submitted to arbitration before a case is filed in court. Accordingly, the court ordered arbitration for Counts I, II, V, VI and VII. It stayed Counts III and IV (Fraud and Conversion) pending arbitration.
In compliance with the court order, National Ventures petitioned the Florida Department of Professional Regulation for arbitration. Water Glades then filed a motion to dismiss the petition, arguing that the Condominium Arbitration Act did not apply because National Ventures, having sold the condominium, was no longer a unit owner.[1] The arbitrator agreed and granted the motion to dismiss arbitration.
When National Ventures sought to return to the trial court, Water Glades moved to dismiss the five counts, arguing that the trial court lacked jurisdiction to decide the case because National Ventures failed to request a trial de novo within thirty days of the final arbitration order, pursuant to section 718.1255(4)(k), Florida Statutes, (1998).[2] Subsection (4)(k) provides that an arbitration decision is final "if a complaint for a trial de novo is not filed in a court of competent jurisdiction in which the condominium is located within 30 days." The trial court agreed with Water Glades that National Ventures had not complied with subsection (4)(k), and dismissed the five counts.
After a hearing on Water Glades's motion to dismiss the remaining two counts, the court dismissed the fraud count for failure to allege the requisite elements for fraud and dismissed the conversion count because, due to the sale of the condo, there was no immediate right to possession of property.
The trial court erred in dismissing the five counts of National Ventures's second amended complaint based on the thirty-day provision of section 718.1255(4)(k). This provision in the arbitration statute does not apply to these claims, because they are not subject to *1073 arbitration. As mentioned above, Water Glades had earlier succeeded in obtaining a dismissal of the arbitration petition by arguing that section 718.1255 did not apply to National Ventures's claims. Indeed, the Condominium Arbitration Act applies only to disputes between a unit owner and a condominium association. See Clark v. England, 715 So.2d 365, 367 (Fla. 5th DCA 1998)(holding that the arbitrator lacked subject matter jurisdiction to hear the controversy because, although the plaintiff was a unit owner when she filed her complaint, she was not a unit owner when the causes of action arose); Ruffin v. Kingswood E. Condo. Ass'n, Inc., 719 So.2d 951, 953 (Fla. 4th DCA 1998)(finding section 718.1255 precluded arbitration of dispute where appellant was not a unit owner as the statute does not apply to arbitration of disputes between a condominium association and third parties); Fla. Admin. Code R. 61B-45.013(2).
Here, it was undisputed that National Ventures was no longer a unit owner when it filed its Second Amended Complaint. Thus, the arbitrator correctly ruled that it lacked jurisdiction. However, because the claims were not subject to arbitration under section 718.1255, the parties were not bound by the provisions of subsection (4)(k) of that statute. Consequently, the dismissal for lack of jurisdiction was not an adjudication on the merits, triggering the requirement for filing for a trial de novo within thirty days.
We also reverse the trial court's dismissal of National Ventures's conversion claim. The court dismissed this claim because the property at issue had already been sold. In so ruling, the court cited Page v. Matthews, 386 So.2d 815 (Fla. 5th DCA 1980), wherein the fifth district stated that "an action for conversion is regarded as a possessory action and the plaintiff must have a present or immediate right of possession of the property in question." Id. at 816.
We do not interpret Page to mean that "present or immediate right of possession" requires plaintiff to possess the property up and through trial. On the contrary, "the plaintiff must establish that he was in possession of the goods, or entitled to possession, at the time of the conversion." W. Page Keeton, et al., Prosser and Keeton on Torts, § 15, 102-03 (5th ed.1984). Furthermore, Restatement (Second) of Torts, § 225 states in relevant part:
For a conversion the actor is subject to liability to one who at the time was entitled to immediate possession of the chattel.
* * *

Comment:

b. The conversion may occur while the chattel is in the possession of a third person, in which case the converter is subject to liability to one who at the time of the conversion is entitled to the immediate possession of the chattel.
* * *

d. Either the person in possession of the chattel at the time of the conversion or the person then entitled to its immediate possession may recover the full value of the chattel at the time and place of the conversion.
Even though National Ventures ultimately sold the condominium, it was still deprived of its use from the time of the new declaration rules to the date of sale. "When ruling on a motion to dismiss for failure to state a cause of action, a trial court must accept the allegations of a complaint as true and in the light most favorable to the plaintiffs." Lutz Lake Fern Road Neighborhood Groups, Inc. v. Hillsborough County, 779 So.2d 380, 383 (Fla. *1074 2d DCA 2000). The trial court thus erred in dismissing National Ventures's conversion claim for failure to state a cause of action.
Finally, we affirm the trial court's dismissal of National Ventures's fraud claim for failure to plead with specificity the alleged fraudulent actions of Water Glades. "[F]raud must be alleged with such particularity as the circumstances permit." Morgan v. W.R. Grace & Co., 779 So.2d 503, 506 (Fla. 2d DCA 2000).
The elements of fraud include:
(1) a false statement of fact; (2) known by the defendant to be false at the time that it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury.
Mosley v. Am. Med. Int'l, Inc., 712 So.2d 1149, 1151 (Fla. 4th DCA 1998).
Here, there were insufficient allegations to support a claim for fraud. Essentially, the allegations complained about the enactment of the rule and asserted that the amendments to the original condominium declarations were the equivalent of a constructive fraud because Water Glades had a fiduciary duty to treat all of the unit owners equally and allow National Ventures the quiet enjoyment of its property. The complaint contained no allegations that Water Glades made false statements of fact which were known to be false and which induced National Ventures to act in reliance thereupon. Furthermore, the complaint did not sufficiently allege a fiduciary duty or an abuse of that duty to support a cause of action for constructive fraud. See Rogers v. Mitzi, 584 So.2d 1092 (Fla. 5th DCA 1991)("a constructive fraud is deemed to exist where a duty under a fiduciary relationship has been abused"). The trial court thus properly dismissed National Ventures's fraud claim.
In sum, based upon the foregoing, we reverse the order dismissing Counts I, II, V, VI, and VII of National Ventures's second amended complaint for failure to file for a trial de novo within thirty days of the arbitrator's dismissal for lack of jurisdiction, and we reverse dismissal of National Ventures's conversion claim. We affirm the dismissal of National Ventures's claim for fraud.
AFFIRMED in part, REVERSED in part and REMANDED.
HAZOURI and MAY, JJ., concur.
NOTES
[1] Under rule 61B-45.013(2), Florida Administrative Code, "[t]he only disputes eligible for arbitration are those existing between a unit owner or owners and the association or its board of administration....'"
[2] The requirement of filing for a trial de novo within 30 days was previously addressed in subsection (4)(c). § 718.1255, Fla. Stat. (1995). Pursuant to the legislature's 1997 amendment of section 718.1255, this requirement is now under subsection (4)(k). See Ch. 97-301, § 2, at 5427, Laws of Fla. Both the parties and the court referred to subsection (4)(k) below.