TAYLOR, J.
Habitat II Condominium, Inc., (the “Association”) appeals an order dismissing its complaint due to its failure to enter into non-binding arbitration of a dispute involving its claimed right of first refusal to a condominium unit. The Association claims that the dispute was not arbitrable under the governing statute because it involved title to a unit. We agree and reverse.
The Association has a right of first refusal, prior to any unit owner selling his or *811 her property, pursuant to Article 15 of the condominium declaration. In the event of a third-party offer on any unit, the owner is required to:
give notice thereof to the Association, which notice shall include the name and address of the proposed purchaser or lessee, terms of the proposed transactions, and such other information as the Association may reasonably require, and such Owner shall offer to sell or lease such Condominium Unit to the Association or its designee on the same terms and conditions as contained in such Outside Offer.
The declaration further provides that “Any purported sale or lease of a Condominium Unit in violation of this section shall be voidable at the election of the Association.”
The Association alleges in its complaint that on or about May 14, 2004, defendant Beverly Amie transferred her condominium unit to defendant Derrick Kerr, for the sum of $38,000, without first furnishing the Association with the proposed Contract for Sale, in violation of Article 15.
The complaint sought an injunction requiring Kerr to transfer the property to the Association on the terms and conditions of his purchase of the property. In the alternative, the Association requested that the court void the transfer from Amie to Kerr and then require Amie to offer the property to the Association on those same terms. The complaint also sought “benefit of bargain” damages in the amount of $35,000. It requested attorney’s fees and costs pursuant to the bylaws.
Defendant Kerr moved to dismiss the action for failure to comply with the arbitration provision of section 718.1255(4), Florida Statutes (2005). In his unsworn memorandum of law, Kerr alleged that he had timely notified the Association’s registered agent of the sale and that the registered agent issued an “estoppel letter” in connection with the transaction. Defendant Amie made similar unsworn allegations in her “answer and affirmative defenses/motion to strike.”
The Association filed a written response claiming that this action involved an issue of “title” to the condominium unit and, hence, was not arbitrable under the arbitration statute. The response did not specifically deny defendants’ claim that the agent was notified, but rather asserted that the issue of notice was a factual issue which could not be decided by a motion to dismiss. The trial court granted the motions to dismiss, without prejudice, “as this matter needs to be arbitrated pursuant to FS 718.1255.”
The granting of a motion to dismiss is reviewed de novo. Regis Ins. Co. v. Miami Mgmt, Inc., 902 So.2d 966, 968 (Fla. 4th DCA 2005). In considering a motion to dismiss for failure to state a cause of action, the court is limited to the four corners of the complaint, the allegations of which must be taken as true. Visible Difference, Inc. v. The Velvet Swing, L.L.C., 862 So.2d 753, 756 (Fla. 4th DCA 2003); Nat’l Ventures, Inc. v. Water Glades 300 Condo. Ass’n, 847 So.2d 1070, 1073 (Fla. 4th DCA 2003). This principle defeats the defendants’ main argument that notice of the sale was given to the Association in accordance with the Declaration; this “fact” does not appear on the face of the complaint.
In section 718.1255, Florida Statutes (2005), the Florida Legislature provided a non-binding arbitration mechanism for resolving most issues which arise between a condominium association and individual unit owners. The arbitrator’s decision in such proceedings becomes binding if the losing party does not file for a trial de novo in circuit court within thirty days. Further, it is admissible in evidence in the *812 event a trial de novo does occur. § 718.1255(4), Fla. Stat. (2005). Though non-binding, such arbitration is a condition precedent to bringing a lawsuit concerning any “dispute” within the scope of the statutory definition of that term. See Neate v. Cypress Club Condo., Inc., 718 So.2d 390, 392 (Fla. 4th DCA 1998).
The primary issue in this appeal is whether this case involves a “dispute” or falls within the following statutory exclusion:
“Dispute” does not include any disagreement that primarily involves: title to any unit or common element; ...
§ 718.1255(1), Fla. Stat. (2005).
The Association cites several arbitration decisions holding that where the Association seeks to void the transfer of a unit to a new owner, the disagreement primarily involves title to the unit, thus making the case non-arbitrable. See Habitat II Condo., Inc. v. Joseph, Arb. Case No.2006-01-3496; Lago Del Rey Condo., Inc. v. Balka, Arb. Case No.2003-07-8514; Five Towns of St. Petersburg No. 303, Inc. v. Blaser, Arb. Case No. 96-0326, 1996 WL 33663898; Altamonte Condo. Ass’n v. City of Altamonte Springs, Fla., Arb. Case No. 96-0209,1996 WL 33664328.
Here, the complaint sought a determination that the transfer of the unit was void because Amie failed to comply with the requirements of the Association’s Declaration of Condominium. The injunction count sought enforcement of the right of first refusal by requiring transfer of the unit to the Association. Thus, this action for injunctive relief and damages based upon an alleged wrongful transfer of title requires a determination as to title. As such, it comes within the “title” exception. See Joseph (“A disagreement as to the transfer of ownership of a unit involves a determination as to title.”). We note that Joseph not only involved this same Association, but also the same right of first refusal provision at issue in this case.
Because the trial court erred in granting the motion to dismiss, we reverse and remand for further proceedings.

Reversed and Remanded.

STEVENSON, C.J., and WARNER, J„ concur.