# COHEN, J.
Gordon Baggett Jr. appeals a final partial summary judgment entered in favor of Kyle Clark • on Clark’s claim for treble damages under Florida’s civil worthless check statute.[1] Baggett argues that the trial court erred in entering summary judgment because issues of fact existed regarding his affirmative defenses of setoff and lack of intent to defraud. Because we agree that the question of whether Bag-gett had the requisite intent to defraud created an issue of fact, we hold that summary judgment was inappropriate and reverse.
Baggett, who operated a fishing guide service, entered into several agreements with Clark under which Clark agreed to work for Baggett during the 2011 and 2012 fishing seasons. In May of 2012, Baggett wrote Clark a check for $7,860 to compensate for the work Clark performed during the 2011 season. Soon thereafter, Clark stopped working for Baggett, breaching his agreement to work through the 2012 season. Upon learning that Clark no longer intended to perform, Baggett called his bank and stopped payment on the $7,860 check. Baggett’s rationale for stopping payment was that he believed that the losses that were going to result from Clark’s breach would exceed the amount of the check.
Clark then brought an action against Baggett under section 68.065, Florida Statutes, seeking damages for the stop payment, including treble damages. In response, Baggett asserted several affirmative defenses, including that he was entitled to- a setoff based on Clark’s breach of contract, and that the stop payment .order was not made with fraudulent in *493 tent.[2] The trial court awarded summary judgment to Clark, and this appeal ensued.
Summary judgment is proper if no genuine issues of material fact exist. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The standard of review for an order granting summary judgment is de novo. Id.
We find no error in the court’s ruling regarding Baggett’s claim of setoff. See Krontz v. Feiler, 553 So.2d 1302 (Fla. 3d DCA 1989) (holding that setoff is not an available defense to a section 68.065 action). Particularly in the instant case, it would make little sense to allow the defense of setoff because Baggett had not yet suffered any damages. Under basic contract principles, Baggett had a duty to mitigate damages, and thus, any damages that he suffered as a result of Clark’s breach were merely speculative at the time he stopped payment on the check.
We agree with Baggett, however, that the trial court erred in entering summary judgment on the intent to defraud element required by section 68.065, Florida Statutes. The statute at issue provides that “where the maker or drawer stops payment on the instrument with intent to defraud, ... the maker or drawer is liable to the payee ... for damages of triple the amount so owing.” § 68.065(3)(a), Fla. Stat. In this case, even if Baggett was not justified in stopping payment based on Clark’s breach of contract, the evidence, taken in the light most favorable to Baggett, was that his motivation was not to defraud Clark, but to recoup the losses that he believed Clark’s breach was going to cause.
Baggett may not ultimately prevail on this issue, but a question of fact for the jury exists with respect to Baggett’s intent, which precludes summary judgment. Accordingly, we reverse.
REVERSED AND REMANDED.
SAWAYA and ORFINGER, JJ., concur.

. § 68.065, Fla. Stat. (2012).

. Baggett also filed a counterclaim for breach of contract, which is not at issue in this appeal.