SILBERMAN, Judge. Sanders Farm of Ocala, Inc. (Sanders), appeals a final summary judgment in favor of Bay Area Truck Sales, Inc. (Bay Area), in Bay Area’s action on a worthless check. Because the trial court erred in determining that Bay Area had established Sanders’ intent to defraud as-a matter of law and a factual issue remains for resolution, we reverse and remand for further proceedings. Bay Area filed its complaint and later an amended complaint against Sanders alleging a count under section 68.065, Florida Statutes (2015), to recover treble damages on a worthless check and a count in the alternative to recover on a bond Sanders posted, Bay Area alleged that it performed repairs on a truck for Sanders, that Sanders presented a check to induce Bay Area to release the truck, that Bay Area released the truck, and that Sanders then stopped payment .on the check with the intent to defraud Bay Area. In the amended complaint, Bay Area added that Sanders’ act of stopping payment constituted a false statement knowingly made to induce Bay Area to release the truck in reliance on the check as payment. Sanders filed an answer and 'affirmative defenses and denied the allegations as to fraud and an intent to defraud. Sanders raised several affirmative defenses, including that Bay Area committed fraud on Sanders by misrepresenting the type of work to be done and increasing the bill from $413 to $4655.46. Sanders also asserted that it placed the disputed funds in the registry' of the court and that Bay Area’s sole remedy was to recover those funds if it could prove its case. In addition, Sanders alleged estoppel and waiver as affirmative defenses based on the fraud Bay Area perpetrated on Sanders. Bay Area did not file a reply or conduct any further discovery but instead filed its motion for summary judgment. Bay Area asserted that under section 68.065 a maker is liable if payment has beén stopped on a check after receipt of goods or services rendered. It argued that the intent to defraud is evident from such conduct, relying on its interpretation of dicta in Madness, L.P. v. DiToceo Konstructlon, Inc., 873 So.2d 427 (Fla. 4th DCA 2004). Because Sanders stopped payment after Bay Area performed services and released the truck, Bay Area argued that it was entitled to summary judgment on the worthless check charge as a matter of law. Bay Area and. Sanders each filed an affidavit for the trial court to consider. The affidavit of Kerk Sanders, the principal of Sanders, asserted that -at the time he wrote the check he did not believe he had any rights although- Bay Area “had violated state law by failing to provide [him] the appropriate notifications and had performed work far in excess of that which [he] had originally authorized.” He wrote the check under protest and so advised Bay Area. After learning from his attorney that he could bond off the obligation, he stopped payment on the check and posted a bond. He added that at no time did he intend to defraud Bay Area but rather that Bay Area had intended to defraud him. He also- stated that by posting the bond he showed that he was not intending to defraud anyone; instead, he was “willing to pay the fair amount that this court determines based upon the facts in question.” At the hearing on the motion for summary judgment, the trial court agreed with Bay Area’s argument, based on Madness, that Bay Area had established intent to defraud as a matter of law. In interpreting Madness, the trial court stated that “if you present the check, you get the object, and then you stop payment, boom, intent to defraud.” The appellate standard of review for a summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000); Gator Boring & Trenching, Inc, v. Westra Const. Corp., 210 So.3d 175, 181 (Fla. 2d DCA 2016). On a summary judgment motion, the movant must establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Volusia County, 760 So.2d at 130; Gator Boring, 210 So.3d at 181. And, “[i]f the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.” Gator Boring, 210 So.3d at 182 (alteration in original) (quoting Cook v. Bay Area Renaissance Festival of Largo, Inc., 164 So.3d 120, 122 (Fla. 2d DCA 2015)). In Gator Boring, this court determined that the movant had failed to show as a matter of law that a claim of lien was fraudulent and that whether the lien was fraudulent within the meaning of the statute was an issue of fact that remained to be determined at trial. Id. at 183-84. Section 68.065(3)(a) of the worthless check statute allows for treble damages in addition to the amount owing if a maker stops a check with intent to defraud and fails to make payment. The statute provides in pertinent part as follows: In any civil action brought for the purpose of collecting a payment instrument, the payment of which is refused by the drawee because of lack of funds, lack of credit, or lack of an account, or where the maker or drawer stops payment on the instrument with intent to defraud, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days after a written demand therefor, as provided in subsection (4), the maker or drawer is liable to the payee, in addition to the amount owing upon such payment instrument, for damages of triple the amount so owing. § 68.065(3)(a) (emphasis added). Bay Area appears to argue that the statute essentially provides for per se fraud when a person writes a check after services are rendered and then stops payment on the check. In Bay Area’s view, the sequence of events conclusively establishes the intent. We cannot agree. The issue of fraud is not ordinarily a proper subject for summary judgment. Graef v. Hegedus, 698 So.2d 655, 656 (Fla. 2d DCA 1997); Bowman v. Barker, 172 So.3d 1013, 1017 (Fla. 1st DCA 2015). “Fraud is a subtle thing, requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud.” Graef, 698 So.2d at 656 (quoting Rosen v. Zoberg, 680 So.2d 1050, 1052 (Fla. 3d DCA 1996), disapproved of on other grounds by Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189 (Fla. 2003)). In Madness, which Bay Area and the trial court relied upon, the Fourth District considered section 68.065, Florida Statutes (2001). In doing so, the Fourth District stated the elements of fraud as follows: (1) a false statement of fact; (2) known by the defendant to be false at the time that it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury. Madness, 873 So.2d at 429 (quoting Nat’l Ventures, Inc. v. Water Glades 300 Condo. Ass’n, 847 So.2d 1070, 1074 (Fla. 4th DCA 2003)). The Fourth District recognized that under the statutory language the issue was whether there was an intent to defraud at the time the defendant notified the bank to stop payment. Id. The facts in Madness were that an owner of a business stopped payment on a check to a contractor who was to renovate the owner’s building. Id. at 428. The owner stopped payment based on disputes over contract negotiations. Id. Significant to the Fourth District’s decision was the fact that when the owner stopped payment the contractor had not yet performed any work on the property; thus, the check “was an advance payment for work to be performed in the future, not payment for goods or services received.” M. at 429. The Fourth District set out a hypothetical in which it stated, “If A, on Friday, gives a painter a check for $1,000 to paint his house, and over the weekend the painter does the work, A’s stopping payment on Monday could subject A to triple damages under the statute, because the painter did the work in exchange for the payment.” Id at 430. In addition, the Fourth District stated, “An example of a factual situation in which the maker of the check could be held for triple damages can be found in Maung v. National Stamping, LLC, 842 So.2d 214 (Fla. 3d DCA 2003), in which the maker had paid by check for the merchandise, but stopped payment after receiving it.” 873 So.2d at 430. In its references to the hypothetical and Maung, the Fourth District stated those were situations where the maker could be held liable, not that they would be held liable as a matter of law. In fact, in Maung, the Third District reversed the partial summary judgment entered in favor of the plaintiff on the worthless check count when the defendant had stopped payment after receiving a shipment of cigarettes from the plaintiff. 842 So.2d at 215-16. The defendant asserted an affirmative defense that some of the merchandise was counterfeit and that he had paid for all of the merchandise that was not counterfeit. The plaintiff did not file a reply to the affirmative defense. Id. at 215. The Third District recognized that for the statute to be applicable the payment must be stopped on a check with an intent to defraud. See id. at'216. There, the plaintiff had failed to allege in its complaint or attempt to show in its motion for summary judgment that the defendant had stopped payment on the check with an intent to defraud. Id. Therefore, the plaintiff had failed to establish its entitlement to judgment as a matter of law. Id. In addition, the plaintiff had failed to negate the affirmative defense. Thus, the Third District reversed and remanded for further proceedings. Id. Bay Area argues that Sanders did not follow the proper procedure to bond off the obligation because the funds were deposited in the court registry after payment was stopped on the check. But in Baggett v. Clark, 161 So.3d 491, 493 (Fla. 5th DCA 2014), the Fifth District recoge nized that even if Baggett was not justified hi stopping payment based on Clark’s breach of contract, the evidence, taken in the light most favorable to Baggett, was that his motivation was not to defraud Clark, but to. recoup the losses that he believed Clark’s breach of contract was going to cause. Thus, the court reversed the summary judgment because a question of fact remained with, respect to the defendant’s intent. Id. Here, the trial court determined as a matter of law that because Sanders stopped payment after receiving the services, “boom, intent to defraud.” The trial court erred in so ruling as stopping payment on a check does not conclusively establish the intent to defraud. .And Sanders raised affirmative defenses that Bay Area committed fraud on Sanders and that Bay Area should be estopped based on its fraud. Kerk Sanders’ affidavit reflected that he stopped payment on the check when he learned from counsel that he could bond off the obligation, see § 559.917, Fla. Stat. (2015), and that he never had an intent to defraud Bay Area; rathér, it was Bay Area that intended to defraud him. See Sharrard v. Ligon, 892 So.2d 1092, 1097 (Fla. 2d DCA 2004) (recognizing that a lienor’s consultation with counsel before it files a claim of lien tends to show that the lienor was acting in good faith and is a factor to consider in determining whether a lien is fraudulent), superseded by statute on other grounds as stated in Newman v. Guerra, 208 So.3d 314, 319 (Fla. 4th DCA 2017). Further, by posting the bond, Kerk Sanders asserted that he demonstrated that he was not intending' to defraud anyone. The fact that Sanders may have not followed the procedures correctly in posting the bond does not mean that Sanders- had an intent to defraud. Viewing the record evidence in the light most favorable to Sanders, a question of fact remains for resolution, precluding summary judgment. See Baggett, 161 So.3d at 493. Therefore, the trial court erred in granting summary judgment when intent to defraud remained an issue. Accordingly, we reverse the final summary judgment and remand for further proceedings. Reversed and remanded. KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur,