DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN WOLF** and **VICTORIA WOLF,**
Appellants,

v.

**PETER M. HABASHY, P.A.,**
a Florida profit corporation,
Appellee.

No. 4D22-3122

[May 24, 2023]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 50-2022-CC-002286-XXXX-MB.

Thomas J. Ali of The Law Offices of Thomas J. Ali, Palm Beach Gardens, for appellants.

No appearance for appellee.

WARNER, J.

Appellants challenge the trial court's order denying their motion to vacate a default final judgment, entered after their prior attorney failed to attend a case management conference. Concluding that appellants showed excusable neglect, a meritorious defense, and due diligence, we reverse.

Appellee, a dental practice, filed the underlying case against appellants, a husband and wife, for a worthless check in the amount of $8,283, pursuant to section 68.065, Florida Statutes (2021). On the same day that a default was entered against appellants, their attorney filed a notice of appearance and a motion for an extension of time. The next day, appellants filed a motion to vacate the default, and appellants filed an answer with twenty-eight affirmative defenses a few days later. Appellants claimed that they stopped payment on the check because the wife allegedly received inferior quality dental work from appellee, which required extensive additional dental work. The trial court set aside the default and set the case for trial.

Subsequently, the trial court set a case management conference. Appellants' attorney failed to attend the conference, and the court entered a default and then a default judgment against appellants the next day.

Six days later, new counsel for appellants filed a notice of appearance and a motion to set aside the default final judgment. Appellants sought relief pursuant to Florida Rule of Civil Procedure 1.540(b), alleging excusable neglect and a meritorious defense as set forth in their previously filed answer and affirmative defenses. In their motion, appellants argued that they should not be penalized for their prior counsel's excusable neglect.

The motion included an affidavit from appellants' prior counsel in which he explained several reasons for his failure to attend the case management conference. The prior attorney attested that he had been required to amend or renew his credentials with the Florida Courts E-Filing Portal, and he believed the process failed or was incomplete, resulting in his failure to receive the hearing notice. He also alleged that during this time he and his family were dealing with a serious medical issue, and he also was dealing with an "extreme" caseload on accelerated court dockets coupled with staff shortages. Finally, prior counsel attested that appellee had caused confusion, because another attorney had filed a second suit on the same worthless check charge against appellants, and prior counsel had discussions with appellee's attorney with respect to this second suit, believing that appellee would be dismissing the first suit. All of the foregoing converged to result in prior counsel's failure to attend the case management conference. Appellants also both filed affidavits stating that their attorney had notified them of the default and his failure to attend the case management conference because he had no notice. Appellants then immediately sought new counsel.

The trial court held a hearing on appellants' rule 1.540(b) motion. Appellee presented no evidence or affidavits but contended that because this was the second default, the court should not vacate it. The court concluded that based upon the history of the case, excusable neglect was not shown, nor was there a meritorious defense to the worthless check charge. Appellants appeal the denial of the rule 1.540(b) motion. Appellee did not file an answer brief.

Florida Rule of Civil Procedure 1.540(b) allows for relief from a final judgment, decree, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect[.]" This court has stated that excusable neglect, "as a ground for granting relief from judgment is found '[w]here

inaction results from . . . a system gone awry or any other of the foibles to which human nature is heir.'" *Burke v. Soles*, 326 So. 3d 83, 84 (Fla. 4th DCA 2021) (alteration in original) (quoting *Locke v. Whitehead*, 321 So. 3d 278, 281 (Fla. 4th DCA June 23, 2021)). To set aside a default final judgment, the trial court must find excusable neglect, a meritorious defense, and due diligence in seeking relief. *Bequer v. Nat'l City Bank*, 46 So. 3d 1199, 1201 (Fla. 4th DCA 2010).

Our decision in *Burke* is instructive. In that case, the pro se petitioner failed to appear for the final hearing on Zoom, and as a result the trial court issued the final judgment of injunction for protection against repeat violence against her. 326 So. 3d at 84. The court also, without a hearing, denied petitioner's motion for rehearing and to vacate or set aside the final judgment. In her motion to vacate or set aside, petitioner explained her absence at the Zoom hearing based on technological problems. *Id.* On appeal, we noted that technological difficulties are the type of "system gone awry" that may constitute excusable neglect and the petitioner's motion suggested "a case of excusable neglect." *Id.*

Here, appellants' prior counsel made several averments in his affidavit to explain why he did not receive the notice of the case management conference, resulting in his absence. An issue with the electronic filing system would be a "system gone awry" like in *Burke*. Serious illness in the attorney's family, as the attorney attested, can also constitute excusable neglect. *See Coquina Beach Club Condo. Ass'n, Inc. v. Wagner*, 813 So. 2d 1061, 1063-64 (Fla. 2d DCA 2002). Appellants' prior counsel also attested to confusion over the second filed suit, none of which was contested by appellee.

Appellants offered their affidavits and their prior counsel's affidavit in support of their rule 1.540(b) motion. Appellee only offered argument, which is not evidence, to counter appellants' otherwise uncontroverted claims. *See Olson v. Olson*, 260 So. 3d 367, 369 (Fla. 4th DCA 2018). Appellee pointed to the prior default as a reason that the trial court should deny this second default. However, the record does not show that appellants' prior attorney, who had missed the case management conference, also was responsible for the original default. In fact, at the hearing, appellee's attorney mentioned that appellants' son, an attorney, was the one responsible for the original default, not the attorney who entered an appearance and filed the answer but subsequently failed to attend the case management conference. We conclude that excusable neglect has been shown.

While the trial court found no meritorious defense, we disagree. Appellee alleged a cause of action for a worthless check based on section 68.065, Florida Statutes (2021). Section 68.065 provides that that a party can bring an action for payment of a check under certain conditions and obtain triple damages of the amount owing "*where the maker or drawer stops payment on the instrument with intent to defraud.*" § 68.065(3)(a), Fla. Stat. (2021) (emphasis added). "From the plain reading of the statute, therefore, the maker is liable only if payment has been stopped on a check with an intent to defraud, and the maker thereafter fails to pay the amount owing in cash within 30 days following a written demand." *Maung v. National Stamping, LLC*, 842 So. 2d 214, 216 (Fla. 3d DCA 2003).

In this case, appellants offered affirmative defenses that demonstrated they lacked the intent to defraud. Their defenses assert that they did not owe the money for the services rendered, because the services were not what was bargained for or were negligently performed. Thus, appellants set forth a meritorious defense.

Finally, the trial court did not address due diligence, but appellants filed their motion within six days of the default final judgment. This shows due diligence. *See Fernandez v. Difiore*, 279 So. 3d 174, 177 (Fla. 4th DCA 2019) (finding motion filed within one week of default final judgment was filed with due diligence).

Accordingly, because appellants offered uncontroverted evidence of excusable neglect, offered a meritorious defense, and acted with due diligence to vacate the default judgment, the trial court abused its discretion in denying appellants' rule 1.540(b) motion. We thus reverse and remand for the trial court to vacate the final default judgment and for further proceedings.

*Reversed and remanded.*

GERBER and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**