DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CNJ REALTY ASSOCIATES, LLC,

Appellant,

v.

GENNADIY YANKIV and
ELVIRA A. YANKIV,

Appellees.

No. 2D2023-2132

_____

January 3, 2025

Appeal from the Circuit Court for Hillsborough County; Cheryl K. Thomas, Judge.

Erin M. Berger and Melissa A. Giasi of Giasi Law, P.A., Tampa, for Appellant.

Richard R. Kosan and Daniel F. Pilka of Pilka, Adams & Reed, P.A., Brandon, for Appellees.

MORRIS, Judge.

CNJ Realty Associates, LLC (CNJ), appeals from a final summary judgment entered in favor of Gennadiy and Elvira Yankiv on their breach of contract claim arising from a real estate transaction gone awry. We conclude that the trial court erred because there was a genuine dispute

as to a material fact, specifically, the effective date of the real estate contract. We therefore reverse and remand.

BACKGROUND

Although there were many events that transpired, including the involvement of other parties, during the real estate negotiations and while the contract between the two parties was pending, we need only address the facts that are relevant to the issue of the effective date of the real estate contract.

The Yankivs originally made an offer to purchase the subject property from CNJ. CNJ then made a counteroffer which included a requirement that the Yankivs obtain a loan approval for 80% of the purchase price of the property. Ultimately, the parties entered into a contract on the property. The contract also provided that "[t]he effective date of this Contract shall be the date when the last one of the Buyer and Seller has signed or initialed and delivered this offer or final counter-offer ('Effective Date')." A $10,000 deposit was required to be paid within five days of the effective date. The closing date was set for April 28, 2021. The contract was contingent on the Yankivs obtaining approval of a conventional loan within twenty days after the effective date of the contract. The Yankivs were required to deliver written notice to CNJ when they received loan approval, and if they were unable to obtain loan approval, the contract specified that they "may provide written notice to [CNJ] stating that [they had] been unable to obtain" the loan approval and that they had either elected to waive the loan approval and continue as if it had been obtained or to terminate the contract. In the event that the Yankivs failed to deliver either written notice prior to the expiration of the loan approval period, the loan approval would be deemed waived and the contract would be treated as if the loan approval had been obtained.

2

If the loan approval was obtained or was "deemed to have been obtained" as provided in the contract, but the Yankivs failed to close, the deposit would be paid to CNJ subject to a few exceptions.[1]

On March 14, 2021, one of CNJ's owners initialed the pages of the contract dealing with the loan approval, effective date, closing date, terms of financing, notice provisions, and terms addressing failure to close.[2] The last page of the contract contains the Yankivs' signatures, dated March 12, 2021. The CNJ owner's signature reflects a date of April 25, 2021. An addendum to the contract contains the CNJ's owner's signature dated March 14, 2021.

On March 17, 2021, CNJ amended a copy of the contract. The same owner who initialed the original contract initialed every page of the amended version of the contract on March 17, 2021. The Yankivs' initials and signature, dated March 12, 2021, are contained on that amended version, though they alleged in their complaint that CNJ never delivered an executed copy of this amended version of the contract to them. CNJ's owner did not sign the amended version of the contract, though he did sign an addendum on March 17, 2021.

---

[1] Pursuant to the contract, the Yankivs' failure to close would be excused in three situations, one of which was applied by the trial court in the initial final judgment. However, after the trial court conducted an unrecorded hearing on CNJ's motion for rehearing and granted the motion, the trial court entered the amended final judgment, which is the order on appeal. In that order, the trial court changed the basis of its judgment and did not address the exceptions. Thus they are not dispositive of this appeal.

[2] The record before this court reflects that CNJ's owner did not initial page seven of the initial contract which dealt with default, dispute resolution, attorneys' fees and costs, and standards for real estate transactions.

The amended version of the contract contained the same language regarding the effective date occurring "when the last one of the Buyer and Seller has signed or initialed and delivered this offer or counter-offer." The amended version of the contract also required a $10,000 deposit to be paid within five days of the effective date. On March 19, 2021, the Yankivs submitted the earnest money deposit to the title company.

On March 26, 2021, the Yankivs provided proof of financing for 70% of the purchase price. On April 13, 2021, CNJ contacted the Yankivs' agent to notify the Yankivs that their loan commitment did not comply with the contractual requirement that they obtain a loan commitment for 80% of the purchase price. On April 28, 2021, the scheduled closing date, the Yankivs' lender revoked the loan commitment due to questions about CNJ's ownership of the property at the time the contract was executed and due to a change in value of the property. The Yankivs then sent a form entitled "Release and Cancelation of Contract" on April 29, 2021, requesting the return of their deposit. In that form, the Yankivs stated that the effective date of the contract was April 28, 2021. The Yankivs also informed CNJ that they would proceed with a cash sale.

CNJ did not return the deposit, leading the Yankivs to file suit for a declaratory judgment, rescission, and breach of contract. In the complaint, the Yankivs asserted that the final version of the contract was the one bearing their signatures dated March 12, 2021, and bearing CNJ's owner's signature dated April 25, 2021. They admitted that they deposited the $10,000 earnest money on March 19, 2021. They also alleged that because CNJ's owner never signed the March 17, 2021, amended version of the contract, there was no valid, enforceable

4

contract. And they contended that even if there was a valid and enforceable contract, they were unable to obtain financing and canceled the contract within the loan approval period. They alleged that CNJ breached the contract by refusing to cancel it and by keeping the earnest money deposit.

The Yankivs subsequently filed a motion for partial summary judgment solely on the breach of contract claim. In that motion, they conceded that there was a valid contract and that they had made the $10,000 earnest money deposit pursuant to the terms of the contract.

CNJ filed a motion in opposition and cross-motion for summary judgment. CNJ argued it was the Yankivs who breached the contract by failing to obtain loan approval pursuant to the terms of the contract and by failing to close by April 28, 2021. CNJ also contended that the Yankivs failed to provide timely notice of their inability to obtain financing and that, as a result, the contract continued as if loan approval had been obtained.

The trial court entered an initial final summary judgment in which the Yankivs were awarded the return of their earnest money deposit, attorneys' fees, and costs. CNJ filed a motion for rehearing, and after an unrecorded hearing, the trial court granted the motion. Thereafter, the trial court issued an amended final summary judgment in favor of the Yankivs but on different grounds than those stated in the initial final summary judgment. The trial court, relying on the original contract, concluded that CNJ did not sign the contract until April 25, 2021, and that the time period for the Yankivs to obtain loan approval did not begin to run until that date. The trial court also determined that the Yankivs' April 29, 2021, notice that they would close the sale with cash was within the time period for the Yankivs to waive the financing contingency.

5

The trial court concluded that CNJ breached the contract by refusing to close the transaction. The Yankivs were again awarded the return of their earnest money deposit plus attorneys' fees and costs. The amended final summary judgment is what is before us in this appeal.

ANALYSIS

We review an order granting summary judgment de novo. *Barber v. Manatee Mem'l Hosp., Ltd. P'ship*, 388 So. 3d 279, 285 (Fla. 2d DCA 2024) (first citing *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000); and then citing *Sanders Farm of Ocala, Inc. v. Bay Area Trucks Sales, Inc.*, 235 So. 3d 1010, 1012 (Fla. 2d DCA 2017)). We also review a trial court's interpretation of a contract de novo. *Fla. Inv. Grp. 100, LLC v. Lafont*, 271 So. 3d 1, 4 (Fla. 4th DCA 2019) (citing *Berkowitz v. Delaire Country Club, Inc.*, 126 So. 3d 1215, 1218 (Fla. 4th DCA 2012)).

Summary judgment should only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). Thus the movant has the initial burden "to establish the absence of any genuinely disputed material fact," and " '[i]f the movant does so, then the burden shifts to the [nonmoving] party to demonstrate that there are genuine factual disputes that preclude judgment as a matter of law.' " *Barber*, 388 So. 3d at 285 (second alteration in original) (first citing Fla. R. Civ. P. 1.510(a); and then quoting *Brevard County v. Waters Mark Dev. Enters.*, 350 So. 3d 395, 398 (Fla. 5th DCA 2022)).

The basis for the trial court's ruling was that the effective date of the contract was when CNJ's owner signed it on April 25, 2021. But by focusing solely on the date of the April 25, 2021, signing and by failing to consider the fact that CNJ's owner initialed nearly all of the pages on

March 14, 2021—including those dealing with the loan approval, effective date, closing date, terms of financing, notice provisions, and terms addressing failure to close—the trial court erred. In all versions of the contract, the effective date was defined as "the date when the last one of the Buyer and Seller has signed *or initialed* and delivered this offer or final counter-offer." (Emphasis added.)

"[A] set of initials is just as effective to bind a party to an agreement as would be a full signature [because] there is no material difference whether a party to a contract executes it by affixing his initials or his complete signature." *Gendzier v. Bielecki*, 97 So. 2d 604, 607 (Fla. 1957) (citing 17 C.J.S. *Contracts* § 62(b)). Here, the contract plainly specified that it became effective by the last party either signing or initialing it and delivering the executed copy. The original contract relied on by the trial court was initialed and signed by the Yankivs on March 12, 2021, and initialed by CNJ's owner on March 14, 2021. However, CNJ's owner did not sign the contract until April 25, 2021. Because CNJ's owner initialed and signed the contract on different days, there is a genuine dispute as to a material fact, that is, the effective date.

Furthermore, the Yankivs made an earnest money deposit on March 19, 2021. "[A] court can enforce a written contract despite the absence of a party's signature if other facts or circumstances establish mutuality or assent." *Morali v. Mayan*, 377 So. 3d 1182, 1184 (Fla. 4th DCA 2024); *see also Integrated Health Servs. of Green Briar, Inc. v. Lopez-Slivero*, 827 So. 2d 338, 339 (Fla. 3d DCA 2002); *Sosa v. Shearform Mfg.*, 784 So. 2d 609, 610 (Fla. 5th DCA 2001); *Gateway Cable T.V., Inc. v. Vikoa Constr. Corp.*, 253 So. 2d 461, 463 (Fla. 1st DCA 1971). Because a party's performance under a contract can establish that party's assent even in the absence of the party's signature, "a court should 'look to a

7

party's words and conduct to determine whether the party assented to the agreement.' " *Morali*, 377 So. 3d at 1184-85 (quoting *Fi-Evergreen Woods, LLC v. Robinson*, 135 So. 3d 331, 336 (Fla. 5th DCA 2013)).

The Yankivs' payment of the earnest money deposit on March 19, 2021, indicates that they believed they had a valid contract before that date. *Cf. Morali*, 377 So. 3d at 1185 (concluding that where the party wired money to the escrow agent after receiving the modified purchase agreement, the "reasonable inference could be drawn that [the party] assented to the [modification] by performing under the purchase agreement after receiving the modified document"). Notably, CNJ's owner initialed the original contract on March 14, 2021, and the earnest money deposit was made exactly five days later, within the terms of the contract requiring payment of the earnest money deposit within five days of the effective date. If the Yankivs did not believe that they had a valid contract until CNJ's owner signed it on April 25, 2021, there would be no explanation for why they paid the earnest money deposit on March 19, 2021. Furthermore, the Yankivs sent correspondence on April 12, 2021, discussing the procurement of hazard and flood insurance, a builder warranty, property inspection, and final walk through. This also suggests that the Yankivs believed they had a valid contract before April 25, 2021.

The Yankivs' March 19, 2021, earnest money deposit, made exactly five days after CNJ's owner initialed the original version of the contract, in conjunction with the Yankivs' April 12, 2021, correspondence, only further supports the conclusion that a genuine dispute as to a material fact remained. Thus the trial court erred by entering final summary judgment in favor of the Yankivs on the basis that they submitted a timely notice of waiver of the financing contingency and that CNJ

breached the contract by refusing to close. We therefore reverse and remand for further proceedings.

In doing so, we note that CNJ raised an alternative argument regarding the Yankivs' failure to obtain financing pursuant to the terms of the contract within the loan approval period and whether the Yankivs' failure to close the transaction was excused under any of the listed exceptions in the contract. However, the amended final judgment was limited to the issues of the effective date and whether the Yankivs timely waived the financing contingency and were ready to close the transaction. The trial court never reached the issue of whether the Yankivs' failure to close was excused by any of the exceptions because it determined that it was CNJ who breached the contract by failing to close. CNJ only timely appealed the amended final judgment, which was a material change from the original final judgment. Consequently, CNJ's appeal "is limited to the amended portions of the judgment and does not call up for review errors in the original." *Caldwell v. Wal-Mart Stores, Inc.*, 980 So. 2d 1226, 1229 (Fla. 5th DCA 2008). However, because we are reversing the amended final summary judgment, CNJ will again have the opportunity to raise this issue below.

Reversed and remanded.

KHOUZAM and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.